## GURNEY PERCY *vs.* FRANCIS F. BIBBER.

Suffolk.   Jan. 9. — March 3, 1883.   FIELD & W. ALLEN, JJ., absent.

In an action of tort for fraudulent representations in the sale of a business, a letter
   from the plaintiff to the defendant, suggesting charges of false representations,
   and attempting to obtain a settlement, is inadmissible in evidence in favor of
   the plaintiff.

HOLMES, J.   The exceptions pressed by the defendant relate
to the admission of four letters from the plaintiff to the defend-
ant, suggesting charges of false representations, and attempting
to obtain a settlement.   The plaintiff argues that, if he found
the business which he bought of the defendant was not what it
was represented, it was his duty promptly to call the defendant's
attention to the fact; that the letters were competent to show
that he made a claim upon the defendant, and the time and
nature of the claim, and also to show his intention to rescind the
contract.   But the declaration is in tort for fraudulent repre-
sentations only, although the writ sounds in contract also.   It
does not go upon a rescission and seek to recover the purchase
money.   If the plaintiff had a cause of action for deceit, he
was under no duty to give any notice or make any demand, or
to use other promptness than that prescribed by the statute of
limitations.   The fact that he promptly alleged that he had
such a cause of action, or made a claim, or sought to rescind,
is no more evidence in his favor than the fact that he alleges
the same thing now.   In *Atwater* v. *Clancy*, 107 Mass. 369, the
plaintiff's letters seem not to have been objected to by the de-
fendant.

It is further argued, that the letters were written under such
circumstances that a denial or explanation would naturally be
expected and called for.   But no such circumstance is pointed out,
nor do we discover any which would not make all accusations
of fraud in a previous bargain admissible.   The bill of excep-
tions does not state that any one of the letters, except that of
May 31, was referred to in the subsequent conversations; and,
as to that, we do not understand that what was said was put in
evidence, or anything more than the fact that the letter was

referred to, which was proved as evidence that the letter was
received. *Exceptions sustained.*

*H. H. Mather*, for the defendant.
*J. L. Eldridge*, for the plaintiff.