JAMES A. CALLAHAN *vs.* HARRIS GOLDMAN.

Essex. November 6, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Landlord and Tenant,* Termination of tenancy. *Evidence,* Admissions and confessions.

In an action against the owner of a building for the alleged conversion of four bowling alleys, which were personal property of the plaintiff who was the lessee of the basement of the building, there was evidence that the defendant had given the plaintiff a notice in writing of the termination of his existing lease for non-payment of rent, that thereupon the plaintiff called upon the defendant who told him that he was going to remodel and improve the basement, which would involve the giving up of one of the alleys, but that the other three alleys would not be removed and would be protected while the work was going on and "that the rent question was to remain and be taken care of when a new lease was drawn up," that the defendant further agreed that the plaintiff should remain his tenant and that, if the fourth alley could not be replaced, a reduction should be made in the rent, that the plaintiff's attorneys delivered to the defendant the key of the basement, to enable the defendant to make the improvements, upon the delivery to the plaintiff's attorneys of a

new lease signed by the defendant, but that the plaintiff on seeing the new lease refused to sign it on the ground that the part about the number of bowling alleys did not " comply with the terms of the oral understanding between the plaintiff and the defendant," and that while the terms of the lease still were in abeyance the defendant's servants tore up all four of the alleys. *Held,* that it was a question for the jury, whether, at the time of the interview between the plaintiff and the defendant, it was the intention of the parties that the plaintiff should surrender all rights under his then existing lease, including his right to remove the four alleys, and rely only on the new lease to give him any· right to them, or whether it was their intention that the plaintiff should remain the defendant's tenant until the then existing lease was superseded by the proposed new one; and therefore that a verdict for the plaintiff was warranted by the evidence.

Evidence that a person received a letter and failed to answer it does not tend to show that he admitted the truth of statements contained in the letter.

LORING, J. The plaintiff in this action was the lessee of the basement in Southwick block in the city of Lynn, under a lease for three years, from the then owner, dated June 1, 1907. The defendant succeeded to the reversion by force of a deed dated July 8, 1907. Under an earlier lease the plaintiff had installed in the basement four bowling alleys (which were his property), and the 1907 lease provided "that there shall be no forfeiture or breach of this lease for less than three months arrears of rent and then only on thirty days notice in writing to the lessee and mortgage[e] declaring a forfeiture and that any time before the expiration of said 30 days before a forfeiture or breach shall occur upon paying up the arrears the lessee or a purchase[r] from him or the mortgagee or his assigns may remove the bowling alleys in said basement making such openings in the building as may be necessary but replacing such opening in as good a condition as it was before the removal." On June 3, 1908, the plaintiff's rent for three months (amounting to $58.98) being unpaid, the defendant gave the plaintiff notice of a forfeiture of the lease, stating in it the provisions of the above thirty days' notice quoted above. According to the plaintiff's evidence the plaintiff thereupon called upon the defendant and at this interview the defendant told him that he was going to remodel and make improvements in the basement which would involve giving up one of the alleys; that the other three would not be removed and would be protected while the work was going on, and "that the rent question was to remain and be taken care of when a new lease was drawn up;" further, the defendant told him that

he wished him to remain his tenant and that "he, the defendant, would put the basement in good shape for bowling alleys and would have it ready for the plaintiff to occupy in the early fall, and the defendant said that in case the fourth alley could not be replaced after repairs had been made, a reduction should be made in the rent, and that the terms of the new lease were then and there agreed upon." The plaintiff also testified that the defendant asked him, the plaintiff, for the key so that his architect and workmen could go forward with the improvements. The plaintiff asked the defendant to put this in writing; to this the defendant demurred but agreed to have his attorney do so; whereupon the plaintiff (so he testified) said that he agreed to it and when he, the defendant, "made out . . . [his] paper satisfactory," he would let him have the key. That on this understanding he gave the key to his, (the plaintiff's,) attorneys, who later gave it to the defendant on receiving a lease duly executed and signed by the defendant, dated June 19, 1908, for a term of three years beginning on the first day of the following September. Meanwhile the defendant had gone abroad, returning on August 26, 1908. The plaintiff further testified that on reading the lease executed by the defendant and delivered to his attorneys he found that "in that part which had to do with the number of bowling alleys [the lease did not] comply with the terms of the oral understanding between the plaintiff and the defendant," and he, the plaintiff, "declined to accept or sign the same. The matter was then left in abeyance pending the defendant's return from Europe." That during his absence in Europe all four alleys were torn up by the defendant's servants and were injured by being covered with debris and by receiving "such treatment as would be incidental to excavating, plastering and building operations in general. Neither the overdue rent nor any other rent was therefore paid the defendant by the plaintiff." In October the parties and their attorneys had an interview in which the defendant's attorney made the claim that the plaintiff had forfeited his title to the alleys. This action was brought in the following December for the conversion of them. It was found by an auditor that at the time of their conversion the four alleys were worth $1,000 and their sub-structure $250.

The plaintiff had a verdict, and the case is here on a question

of evidence and on the defendant's exception to the judge's refusal to give four rulings asked for by him.*

On this evidence it was for the jury to decide whether on the one hand it was the intention of the parties in June, 1908, that the plaintiff should then surrender all rights under the 1907 lease, including his right to remove the four alleys and their sub-structure, (found by the auditor † to have been worth $1,250,) and rely on the new lease alone to give him any rights to them, or whether on the other hand it was their intention that the plaintiff should remain the defendant's tenant until the 1907 lease was superseded by the proposed new one. The judge was not bound to give the four rulings asked for, and these exceptions must be overruled.

The defendant offered in evidence a letter to the plaintiff which he offered to prove was handed to the plaintiff's attorneys when the lease executed by him was handed to them. This letter of the defendant stated that the alleys had been forfeited to him and that he would sell them to the plaintiff on certain terms therein stated. Although both the plaintiff and his attorneys denied having received the letter the jury could have found that they did. The letter was excluded by the judge and an exception was taken. The only ground on which this self-serving letter of the defendant could have been competent was that the plaintiff had admitted the truth of the statements contained in it by keeping the letter and remaining silent. It is settled that failure to

---

* The presiding judge was *Irwin*, J. The rulings asked for by the defendant were as follows:

"9. On all the evidence the plaintiff is not entitled to recover on count 3 in his amended declaration [for an alleged conversion]."

"13. The evidence in the case relative to the surrender of the key and the conversations about the same are not enough to constitute a waiver of the notice of June 3."

"17. If the plaintiff Callahan surrendered his key to Goldman in June, 1908, in the absence of an agreement to the contrary this was a surrender of his tenancy and a forfeiture of the alleys."

"20. If the jury finds the tenancy of Callahan was not terminated by the expiration of thirty days from the notice, or by abandonment upon the surrender of the key, then the tenancy terminated on or before the commencement of this suit by the plaintiff, and his right to remove the alleys thereupon terminated, and Callahan cannot recover therefor."

† Samuel H. Hollis, Esquire.

answer a letter is not an admission of the facts stated in it. *Fearing* v. *Kimball*, 4 Allen, 125. *Huntress* v. *Hanley*, 195 Mass. 236.

*Exceptions overruled.*

The case was submitted on briefs.

*C. N. Barney, H. T. Lummus & C. J. Goldman,* for the defendant.

*S. Parsons & H. A. Bowen,* for the plaintiff.