SAMUEL KUMIN *vs.* IDA S. FINE & others.

SAME *vs.* MAURICE FINE & others.

Worcester.   November 19, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Self-serving statements, Letters.  *Letters.  Practice, Civil,* Discretionary power of judge.  *Witness,* Cross-examination.

In an action of contract letters written by the plaintiff to one of the defendants, which were not a part of a mutual correspondence between the parties and were not in reply to any communication from the defendant to whom they were addressed and were not referred to afterwards in any conversation between the parties and which remained unanswered, cannot be put in evidence by the plaintiff, being excluded properly as self-serving statements.

Upon the cross-examination as a witness of one of the parties to an action at law the exclusion of questions which properly may be regarded as immaterial and as having a tendency to raise collateral issues is within the discretionary power of the presiding judge.

TWO ACTIONS OF CONTRACT, each on a promissory note payable to the plaintiff and signed by the defendant Barnard Kaplan as maker and by the defendants Maurice Fine, Ida Fine and Sarah F. Kaplan, as indorsers, one a four months' note dated April 25, 1912, for $2,500 and the other a four months' note dated July 24, 1912, for $4,900.  Writs dated respectively September 25 and October 25, 1912.

In the Superior Court the cases were tried together before *White,* J.  The judge excluded certain evidence offered by the plaintiff as described in the opinion.

At the close of the evidence the judge submitted to the jury the following question:

"Did the defendants Fine sign the two notes set out in the plaintiff's declaration at the request of and for the accommodation of the plaintiff?"  The jury answered, "Yes."  The judge then ordered verdicts for the defendants Fine; and the plaintiff alleged exceptions.

The cases were submitted on briefs.

*G. A. Drury, F. A. Walker & J. F. Humes,* for the plaintiff.

*T. H. Sullivan & G. A. Gaskill,* for the defendants Fine.

CROSBY, J. These are two actions of contract, tried together, to recover the amount of two promissory notes given by the defendant Barnard Kaplan to the plaintiff and indorsed by the other defendants. The notes were given in renewal of previous notes given by the defendants to the plaintiff.

The defendants Fine contended that when the original notes were given they indorsed them for the accommodation of the plaintiff, and that, in consideration of such indorsements of the notes and of the renewals, the plaintiff agreed that he would hold them harmless. The jury, in answer to a special question submitted to them, found that the notes declared on were signed by the defendants Fine at the request and for the accommodation of the plaintiff.

The plaintiff offered in evidence four letters written by him to the defendant Maurice Fine. They were excluded by the presiding judge, subject to the plaintiff's exception. It appeared that notes in renewal of previous notes indorsed by the defendants Fine were given to the plaintiff after the receipt of all the letters. It was agreed that no reply was made to any of the letters, each of which in substance stated that the plaintiff would look to the defendant Maurice Fine for payment of the note therein referred to, if it was not paid by Kaplan, the maker. These letters, written before the notes declared on were indorsed by the defendants Fine, plainly were inadmissible, although we do not mean to intimate that they would have been competent if written afterwards.

The rule is well established that a person to whom a letter is addressed ordinarily is not required to make any reply, and failure to answer it is no evidence of the truth of the facts therein stated, because such evidence would be in violation of the rule that a party cannot make evidence for himself by his own declarations. It was held in *Wiedemann* v. *Walpole*, [1891] 2 Q. B. 534, that in an action for breach of promise of marriage the mere fact that the defendant did not answer letters written to him by the plaintiff, in which she stated that he had promised to marry her, was not corroborative of the plaintiff's testimony in support of such promise.

In the case at bar, the letters offered in evidence were not a part of mutual correspondence between the parties relating to the notes, and were not in reply to any communications written

by the defendant Maurice Fine; nor does it appear that the letters or their contents were ever referred to in any subsequent conversations between the parties. That such evidence is inadmissible has often been held by this court. *Smith* v. *Abbott,* 221 Mass. 326, 331. *Pye* v. *Perry,* 217 Mass. 68. *Callahan* v. *Goldman,* 216 Mass. 234. *Percy* v. *Bibber,* 134 Mass. 404. *Fearing* v. *Kimball,* 4 Allen, 125.

The plaintiff saved eleven exceptions to the exclusion of questions put to the defendant Maurice Fine in cross-examination, the first three of which are waived; we have examined the others in connection with all the evidence printed in the record, — to consider them separately would serve no useful purpose, — and we are satisfied that the questions called for evidence which would not have assisted the jury in deciding whether the defendants Fine were or were not accommodation indorsers, which was the only question in the case. The evidence therefore was immaterial and besides would have had a tendency to raise collateral issues. It was excluded rightly.

Let the entry be

*Exceptions overruled.*