THOMAS M. SARGENT vs. LYMAN L. LORD.

Suffolk.   March 12, 1919. — April 12, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Evidence*, Self-serving statement, Letter, Admissions.

At the trial of an action for services as an architect, a self-serving letter from the plaintiff to the defendant, written after the services are alleged to have been rendered, is not admissible in evidence.

Such a letter is not made admissible by the fact that there was introduced in evidence, before such letter was offered, another letter, which was a reply to it and in which the defendant stated "Sometime ago you mailed me a rough sketch of a house that I later told you I would be willing to pay, including a garage, about $7,000 for. That is all I know of the matter," such reply containing no admission of the truth of the statements in the plaintiff's letter.

CONTRACT for $728.54 upon an account annexed for services as an architect.   Writ dated September 25, 1917.

In the Superior Court the action was tried before *Keating*, J. It appeared that the transactions upon which the plaintiff relied as the foundation of his claim took place in the spring of 1915 and the spring of 1917.

Against an objection and subject to an exception by the defendant, the plaintiff was allowed to introduce in evidence a letter from the defendant to the plaintiff, dated September 12, 1917, and reading as follows: "As your letter indicates, you thought I would be astonished at your letter; Sometime ago you mailed me a rough sketch of a house that I later told you I would be willing to pay, including a garage, about $7,000 for. That is all I know of the matter."

Thereafter, and also against an objection and subject to an exception by the defendant, the plaintiff was allowed to introduce in evidence a letter from himself to the defendant, dated September 10, 1917, to which the foregoing letter was a reply, which read as follows:

"Received a set of blue-prints last Friday morning.   I have no use for same, as I have 4 sets of same design in my office now.

"I sent a bill of $200 on account last week. Two years ago I made you some drawings of a house drawn after your own ideas alone, got figures on same, and house was not built. I did not send a bill then, simply because I expected you to go ahead later. Nothing doing until this Spring, when the subject was brought up again. I made you some plans satisfactory to you as two years ago, with the exception of slight alterations for some closet room, got figures from four reliable contractors, highest over $12,000, lowest $8,100, for house complete, which figures I mailed you by special delivery letter over a month ago.

"I have not heard from you by letter or otherwise since, and I have been in my office every day including Sundays, with the single exception of one day.

"Perhaps you thought I was offering my office, my time and all expense to me, to you for nothing, and to do this work according to your own ideas. I am not to blame for the high prices of labor and materials, or for the set ideas you have on plans, or the expensive price you expect to pay for land, but I have followed out your ideas on both houses, done my work properly and expect to be paid for it. I sent you a bill of $200. on account with the expectation of a quick payment, and acknowledgment of favors shown you and a hope of continuing the work later, either when prices dropped, or you found a much less expensive piece of land, but instead I find plans, etc., on my office floor, and no check or word from you. An idea of the price paid to an Architect for work such as yours when house is not built — 3/5 of 6%.

| | | |
|---|---|---|
| 1st house | $12,000. |
| 2nd house | 8,100. |
| | $20,100 |
| | 6% |
| | $1,206. |

3/5 of $1,206 = $723.60

"I have at no time, either by writing or word, promised or offered to do work for you or any one else for nothing, but I did tell you that I would charge you a certain percentage for doing your work for you."

There was a verdict for the plaintiff in the sum of $525; and the defendant alleged exceptions.

*J. H. Devine,* for the defendant.

*W. J. Drew,* for the plaintiff.

CARROLL, J.  The plaintiff, an architect, recovered a verdict from the defendant for "services rendered in drawing sketches . . . in connection with the building of a house." Against the defendant's exceptions, the plaintiff introduced in evidence a letter from the defendant to the plaintiff, dated September 12, 1917, and also a letter from the plaintiff to the defendant, dated September 10, 1917.  The plaintiff also was permitted to put in evidence a bill for his services dated September 15, 1917.

The letter of September 10 from the plaintiff to the defendant was a declaration in the plaintiff's favor.  It was a self-serving document.  The plaintiff could not make evidence for himself by writing such a letter and mailing it to the defendant; it could not be used to establish his case.  *Fearing* v. *Kimball,* 4 Allen, 125, 127, 128.  *Percy* v. *Bibber,* 134 Mass. 404.

If the defendant failed to answer the letter, his failure would not make the letter admissible.  *Kumin* v. *Fine,* 229 Mass. 75.  *Callahan* v. *Goodwin,* 216 Mass. 234.  The reference to the letter of September 10, and the acknowledgment of its receipt contained in the letter of September 12, are not sufficient to make the plaintiff's letter admissible.  *Smith* v. *Abbott,* 221 Mass. 326, 331.  *Percy* v. *Bibber,* 134 Mass. 404.

A self-serving letter may become admissible when its statements are agreed to by the adverse party, but there was nothing in the letter of September 12 which could be construed to mean that the defendant admitted the truth of the plaintiff's statements.  *Commonwealth* v. *Eastman,* 1 Cush. 189, 215.  *Pye* v. *Perry,* 217 Mass. 68, 71.  The fact that the letter of September 12 was admitted in evidence before the letter of September 10 was offered, did not make the latter competent.  The order of proof did not change the rule of evidence.  As the letter of September 12 did not amount to an admission by the defendant that the recitals in the letter of September 10 were true, the defendant's letter could not be used as a foundation to make the plaintiff's letter competent.  Neither was the plaintiff's letter competent to explain, qualify or aid in the construction of the defendant's letter under the rule explained in *Buffum* v. *York Manuf. Co.* 175 Mass. 471, and similar cases.

As there was error in admitting the letter of September 10, and the defendant may have been harmed thereby, it is unnecessary to consider the question whether there was any reversible error in admitting the letter of September 12 and the bill of September 15.

*Exceptions sustained.*