Louis Wagman & another *vs.* David Ziskind.

Essex.　November 21, 1919. — January 9, 1920.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Jenney, JJ.

*Evidence*, Competency, Offer of compromise, Self-serving. *Practice, Civil*, Exceptions.

In an action upon an agreement in writing for the sale of scrap iron by the plaintiff to the defendant, there was evidence of a shipment by freight directed to the defendant, and the plaintiff offered in evidence a letter which the defendant had written to the plaintiff, after a telephone conversation, the opening sentence in which was, "Referring to conversation . . . in reference to car of Iron that is on track in [the city where the defendant was,]" and which continued with an offer of terms on which the defendant would accept part of the iron. The defendant objected and excepted to the admission of the letter as a whole. *Held*, that the statement in the letter admitting the arrival of the car and showing the defendant's knowledge thereof was admissible, and that, if the defendant had wished to have the use of the letter restricted, he should have so requested.

At the same trial, the plaintiff offered, and the judge admitted subject to an exception by the defendant, a letter from the plaintiff to the defendant in reply

to that above described, which contained a rejection of the proposal so made, a specific counter proposition that never resulted in an agreement, an assertion that the defendant had broken his contract because of a "drop in price," a statement that, if the price had "gone up," the defendant's position would have been different, and what was in effect a charge that the defendant had defaulted in payment of one of his checks. The letter was not answered. *Held*, that the exception should be sustained, as the evidence was self-serving and incompetent, and its admission could not be said not to have affected the substantial rights of the defendant.

CONTRACT upon an agreement in writing for a sale by the plaintiffs to the defendant of scrap metal. Writ dated August 30, 1917.

In the Superior Court the action was tried before *Lawton*, J. Material evidence is described in the opinion. There was a verdict for the plaintiffs in the sum of $343.50; and the defendant alleged exceptions.

*J. C. Reilly*, for the defendant.

*E. E. Crawshaw*, for the plaintiffs.

JENNEY, J. A contract was made on or about June 1, 1917, for the sale by the plaintiffs to the defendant of the "scrap metal" then in the plaintiffs' yard in Newburyport at "a flat rate of $1.10 cwt. F. O. B. the yard, metal to be loaded by the defendant." In July differences arose, the defendant claiming that the plaintiffs had included in their shipment iron not in their yard when the contract was made and refusing for that reason to accept further deliveries. There was evidence that the plaintiffs then shipped the iron in controversy by freight to the defendant at Lowell; and it further appeared in evidence, without objection, that the plaintiffs on August 4, 1917, received a letter from the freight agent notifying them that the defendant had refused to accept it. On the same day, one of the plaintiffs by telephone asked the defendant the cause of the rejection, and the defendant replied that he was "going to write about it;" and under date of August 7, 1917, he wrote the plaintiffs the following letter:

"Referring to conversation you had with our Mr. Jacob Ziskind, in reference to car of Iron that is on track in Lowell, beg to say that if you will allow us to pick out all of the Iron that is of any use to us, we will allow you the best possible price we can for it. If this is satisfactory to you, write us by return mail, and we will accommodate you by doing same immediately."

The letter contained no statement as to the reason why the de-

fendant had not accepted the metal, and it proposed the substitution of a contract entirely different from that originally made. This offer if accepted would have resulted in the settlement of the differences under the original contract. Such a proposition was not an admission of liability but it contained the statement that the car was "on track in Lowell." So far as the record shows, it was not conceded that the car had arrived in Lowell and that the defendant had knowledge thereof. The letter was admissible to prove these relevant facts, although made as a part of an offer of compromise. *Dickinson* v. *Dickinson,* 9 Met. 471. No objection was made except to the letter as a whole. If the defendant had desired that any part of it should be withheld, or that its use should be restricted, he should have so requested. *Everson* v. *Casualty Co. of America,* 208 Mass. 214.

On the receipt of the letter, the plaintiffs immediately replied thereto as follows:

"In reply to yours of the 7th inst. would say that your proposal is not satisfactory. We have kept our contract, you have broken it, and we propose to hold you responsible for our loss caused thereby. To save demurrage charges to us, and for that reason only, we will at once have the car of iron shipped back to us at Newburyport and unload the iron and hold it for ten days subject to your order and subject to payment of balance due on your $2,000 check, plus all expenses due to your breach of contract. At the end of ten days we will sell the iron within a reasonable time, credit you with proceeds of sale and sue you for loss occasioned to us by your refusal to perform your contract with us. Your action in refusing to take and pay for this iron is due to the drop in price since you bought it. If price had gone up you would have been more than satisfied with your bargain."

This letter should not have been admitted. It contained a rejection of the proposal in the previous letter, a specific proposition which never resulted in an agreement, an assertion that the defendant had broken his contract because of a "drop in price" accompanied by the further statement that if the price had "gone up," the defendant's position would have been different. This unanswered letter was self-serving so far as it contained statements of fact and allegations of unjustifiable conduct. *Kumin* v. *Fine,* 229 Mass. 75. So far as it asserted rights in the plaintiffs,

it was objectionable as being of no probative force. It further in effect charged the defendant with the non-payment of one of his checks. On the record it cannot be said that the admission of the second letter did not affect the substantial rights of the defendant. *Sargent* v. *Lord,* 232 Mass. 585. The exception to its admission must be sustained.

*So ordered.*