## ARTHUR J. EVELAND *vs.* THOMAS W. LAWSON.

Suffolk.   October 18, 1921. — November 22, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Evidence*, Competency, Relevancy and materiality, Letter, Presumptions and burden of proof. *Practice, Civil*, Exceptions.

At a trial it appeared that the plaintiff had given to the defendant a notice in writing to produce a certain letter of the plaintiff to the defendant. The defendant stated that he had no such letter. The plaintiff then produced a carbon copy of a letter addressed to the defendant in Boston, Massachusetts, his usual place of business, and testified that it was a copy of a letter which he had mailed to the defendant on the day it was dated, and no question as to the prepayment of postage was raised by the defendant. *Held*, that such copy was admissible in evidence if the contents of the letter were relevant and material.

The depositing of a letter in the post office, postage prepaid, properly addressed to a person at his place of business or residence, is *prima facie* evidence that it was received in the ordinary course of mails.

From a bill of exceptions filed by the defendant in an action at law by a mining engineer to recover salary and expenses alleged to be due under a contract with the defendant, it appeared that at the trial of the action eighty letters and cablegrams which passed between the parties during a period of two years were in evidence. The exceptions related to but two letters, which were set out in the bill. Neither the substance nor copies of the rest of the correspondence appeared. *Held*, that, in the absence of the other evidence, it could not be said that the defendant had sustained the burden which was upon him of showing that the admission of the letters in evidence was error.

An exception to the admission in evidence of a letter, a part of which is inadmissible and a part admissible, will not be sustained if the defendant at the time the letter is offered does not seek to have the admission limited to the part of the letter which was admissible.

An exception by the defendant to the admission in evidence at the trial of the action above described of a letter produced by the defendant at the request of the plaintiff, which was written by the plaintiff in response to a request from the defendant for a report and with which was enclosed the report asked for, must be overruled.

CONTRACT for $2,967.85, alleged to have become due to the plaintiff for salary and expenses while employed by the defendant in "investigating certain mining properties in South America." Writ dated May 8, 1917.

In the Superior Court the action was tried before *Quinn*, J. Material evidence and exceptions saved by the defendant are described in the opinion. The letters dated April 3 and April 5, 1917, referred to in the opinion as marked respectively Exhibit 82 and Exhibit 83, were as follows:

"Exhibit 82."

"A. J. Eveland.

"April 3, 1917.

"Mr. Thomas W. Lawson,

Boston, Mass.

"Dear Sir:

"It is now six weeks since I returned to Boston to place before you the results of my work of the last year, carried on for you in South America, and to ascertain, and straighten out if possible, the cause of the difficulties in connection with it.

"It is three weeks since I had the first and only conference with you in regard to this matter, in which you stated to me that from the information I was able to furnish you, you intended to carry on the work, that I was to consider myself still in your employ, and that we would resume the discussion, taking up the best manner in which to proceed, on the following day.

"Since that time, I have not heard from you, nor have I been able to communicate with you in any way, either thru your secretary or your office. I have sent you under dates of Feb. 27th, and of Mar. 21st, statements of the balance due me for the work to date, but further than the partial payment of $1500 on Mar. 16th, my request for payment of this balance has been ignored.

"I find myself unable to continue on this basis. I went thru some unpleasant months in South America, owing to the fact that funds were not furnished me when needed, and according to the agreement you made with me before leaving, and in addition, the whole success of the work was blocked by delay and inattention on the part of your office or yourself. If you are still inclined to continue with the business of acquiring mining property in South America, thru my services, it surely is not asking you too much to

inform me of that fact, and to send me a check for $2967.85, the
balance due me for my work last year.   I can wait your conven-
ience for the arrangement to proceed, provided accounts are
squared up to date, and I am under a more definite status than
seems to exist at present.

"Otherwise, if you have lost interest in the matter, I request a
notification to that effect, and will consider that my services have
terminated at the end of March, this year, expecting a prompt
remittance of the $2967.85, so that I may take my ideas to what-
ever other market may be available.

"Very truly yours,"

. "Exhibit 83"
A. J. Eveland<br>Engineer's Club

"April 5, 1917.

"Mr. Thomas W. Lawson,
        Boston, Mass.
"Dear Sir:

"I have just received from your office the request from you that
I furnish to you 'a complete report on what I did in Chile, the mines
I visited, and so on,' this being apparently in answer to my letter
to you of April 3.   I have replied to your secretary that all that
material has been already furnished you, in the shape of frequent
letters and cables sent at irregular intervals, but covering fully
these matters, which should be in your files.   It so happens that
since the beginning of the work, I have never received any answer
to any of these letters, even to those directly requiring an answer
to determine whether or not to continue proposed business in
acquiring mines, but I have faithfully reported to you, retaining
copies of all papers, on completion of each phase of the work, and
outlining my plans for the immediate future.

"This program I carried out until I found it impossible to get
funds from you, to either continue the work, or to pay my salary,
when I returned to Boston to take the whole matter up with you
in person.

"To make such a report, your files contain all the data; I have
prepared for you, however, in anticipation of the continued discus-
sion we were to have had, a summary of conditions in Chile and

my ideas on the possibilities in that mining field, all the data gathered in my work for you. A copy of this is attached; it represents the net result of what I was able to do under the conditions forced upon me.

>Very truly yours,
>A. J. Eveland."

Exhibit 82 was identified by the plaintiff as "a carbon copy of a letter which I mailed on April 3 to Thomas W. Lawson." Exhibit 83 was produced by the defendant on notice.

The jury found for the plaintiff in the sum of $3,621.77; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. D. Gray,* for the defendant.

*R. G. Dodge & H. K. Rising,* for the plaintiff.

CROSBY, J. This is an action of contract brought by a mining engineer to recover a balance alleged to be due for services in investigating for the defendant certain mining properties in South America. The defendant testified that he authorized no services except an original examination of the Gardner-White claim, so called, and that he at no time ratified the performance of additional services for him by the plaintiff. The issue at the trial was whether the defendant owed the plaintiff for services and expenses in connection with the investigation of properties other than the Gardner-White claim.

The exceptions recite that "There was evidence from which the jury could have found either way on the issues of original employment for services other than the Gardner-White claim or subsequent ratification."

The questions raised by the bill of exceptions are whether the judge erred in admitting in evidence two letters, Exhibits 82 and 83. Exhibit 82 was a carbon copy of a letter dated April 3, 1917, the original of which the plaintiff testified he mailed to the defendant on the day of its date, directed to " Mr. Thomas W. Lawson, Boston, Mass." The record shows that the plaintiff's counsel had notified the defendant to produce all letters received by him from the plaintiff. At the trial the defendant stated that he had no letter dated April 3, 1917; he objected to the admission of the copy, and said that there was no evidence that it had been re-

ceived. In his brief he contends that there was no evidence whatever of how the letter was addressed or of the payment of the postage. The defendant is described in the writ as "having a usual place of business in Boston," and there is no evidence to show that that recital was not in accordance with the fact. The objection that the postage was not prepaid was not specifically raised at the trial and there was no evidence that the letter was not received by the defendant. In these circumstances it was properly admitted if it was otherwise competent. The depositing of a letter in the post office, postage prepaid, properly addressed to a person at his place of business or residence, is *prima facie* evidence that it was received in the ordinary course of mails. *Huntley* v. *Whittier,* 105 Mass. 391. *McDowell* v. *Ætna Ins. Co.* 164 Mass. 444. *Tobin* v. *Taintor,* 229 Mass. 174.

We are of opinion that the letter cannot be said as matter of law to have been improperly admitted. The correspondence between the parties and between the plaintiff and the defendant's son (who could have been found to have acted as his father's agent) consisting of letters and cablegrams was voluminous and covered a period of about two years; more than eighty were put in evidence without objection, so far as appears; the letters in question were a part of mutual correspondence, none of which is before us except Exhibits 82 and 83. If all the correspondence which was before the trial judge were presented for our inspection, it might clearly appear that the facts stated in these letters were material and competent; in the absence of any other correspondence we cannot say that their admission was error, as the burden rested on the defendant to show such error. The case at bar is distinguishable in its facts from those in *Kumin* v. *Fine,* 229 Mass. 75, *Sargent* v. *Lord,* 232 Mass. 585, and the other cases relied on by the defendant.

It is also the contention of the defendant that the statements in the letter were self-serving and for that reason inadmissible. Apart from the question whether all the statements in the letter, Exhibit 82, were admissible, that part of it in which the plaintiff requested to be informed by the defendant as to whether he desired the plaintiff to continue in his employ was competent. If the defendant believed that the admission of the letter should have been so limited, it was his duty so to state to the trial judge

when it was offered.  It follows that the exception to the admission of Exhibit 82 must be overruled.

The letter, Exhibit 83, dated April 5, 1917, was sent in response to a request from the defendant for a further report upon mines examined by the plaintiff in Chile.  A report as requested by the defendant was enclosed in the letter.  The exception to its admission cannot be sustained.

*Exceptions overruled.*