THE ASHTON VALVE COMPANY vs. WILFRID JEAN.

Middlesex.　October 10, 1930. — November 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Practice, Civil*, Appellate division: report, appeal. *Evidence*, Competency, Of compromise offer.

Although a report to an appellate division of an action tried in a district court, which presented for determination the propriety of the exclusion of certain evidence, did not show that the party objecting to the ruling of the trial judge had made any request at the trial for a report of the ruling, the question of the propriety of such exclusion properly was before this court upon an appeal by that party from an order dismissing the report, it being assumed by this court that there was compliance by the party with all proceedings necessary to present the question raised to the Appellate Division.

At the trial of an action of contract for goods sold and delivered, the trial judge properly excluded letters and a memorandum offered by the defendant, showing merely an offer by the plaintiff to compromise the amount to be paid by the defendant, which offer was not accepted by the defendant.

CONTRACT. Writ in the District Court of Lowell dated July 8, 1927.

Material evidence and evidence excluded at the trial in the District Court is stated in the opinion. The trial judge found for the plaintiff in the sum of $84.97 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*A. L. Eno & J. P. Soucy*, for the defendant.

*J. H. Ells*, for the plaintiff.

CROSBY, J. This is an action of contract to recover the price of a safety valve alleged to have been sold and delivered by the plaintiff to the defendant. It is recited in the report that at the trial there was evidence that the defendant wrote the plaintiff requesting that a safety valve be sent him and that the order be given prompt

attention.   Two days later, November 22, 1926, the plaintiff replied, asking for information as to the size of bolts desired and the diameter of the bolt circle.   Four days later the defendant wrote the plaintiff giving the desired information and requested that the order be "rushed." On December 29, 1926, the defendant wrote the plaintiff that as he had failed to receive the valve he cancelled the order.   Two days thereafter the plaintiff wrote the defendant that it was too late to cancel the order as the valve had been sent, and requested him to take the same from the express company by whom it had been shipped; that it could not allow the defendant full credit for the valve as it was made with special inlet flange.   On January 4, 1927, the defendant, in reply, wrote the plaintiff that he had directed the express company to return the valve to the plaintiff as he had ordered and received a valve from another company; that the valve ordered of the plaintiff was of standard make and there was no need of a special flange; that he had no use for the valve but would be willing to pay the transportation charges both ways, and he requested that the amount of such charges be forwarded.   The valve was returned to the plaintiff by direction of the defendant.

The defendant offered in evidence three letters and a credit memorandum which were objected to by the plaintiff and excluded by the judge on the ground that they were offers of compromise.   The defendant objected to the exclusion of this evidence.   The only question before us is whether the evidence should have been admitted.

It is the contention of the plaintiff that the case is not properly before this court, as the defendant made no request for a report of the evidence during the trial, nor filed any request for rulings; that it does not appear in the report that any request for rulings was made, or that any request was made for a report on the ruling to the exclusion of the letters and memorandum.   These contentions are without merit.   It does not expressly appear from the report that there was a request for a report upon rulings or that any report was requested to the refusal of the judge to admit in

evidence the letters and memorandum offered by the defendant. The judge having reported the case to the Appellate Division, we assume that all proceedings necessary to present the questions raised to the Appellate Division were complied with.

The credit memorandum sent by the plaintiff to the defendant credited the defendant with $84.97, the value of the valve, less twenty-five per cent thereof, amounting to $21.24, and less the transportation charge of $5.01, making a total credit of $58.72. Instead of accepting the plaintiff's offer and sending it $21.24 and the transportation charge, the defendant sent $5.01, the amount of the transportation charge. It thus appears that the offer of compromise and settlement made by the plaintiff was never accepted by the defendant. Neither the letters nor the credit memorandum was admissible upon any ground. Both showed an offer of compromise by the plaintiff which was not accepted by the defendant. It is plain that they were rightly excluded. *Higgins* v. *Shepard,* 182 Mass. 364, 367. *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431, 438. *Smith* v. *Abbott,* 221 Mass. 326, 331. *Strauss* v. *Skurnik,* 227 Mass. 173. *Kumin* v. *Fine,* 229 Mass. 75. *Wagman* v. *Ziskind,* 234 Mass. 509.

The finding for the plaintiff for $84.97, the price of the valve, with interest, must stand. Whether the price charged was reasonable, or the valve had to be made specially, or there was unreasonable delay in its shipment which excused the defendant from accepting it, presented questions of fact which are not before us. The finding in favor of the plaintiff for the value of the valve establishes that the title to it is vested in the defendant, although it is in the possession of the plaintiff. Of course, the plaintiff, having prevailed in this action for the price of the valve, cannot retain possession of it as against the right of the defendant.

*Order dismissing report affirmed.*