JESSE A. HOLTON & another *vs.* JAMES DENARO.

Suffolk.    February 3, 1932. — February 4, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil*, Findings by trial judge, Requests, rulings and instructions. *Evidence*, Presumptions and burden of proof. *Witness*.

Where, upon the record of an appeal, by the plaintiff in an action in a municipal court by an attorney at law for legal services and expenditures alleged to have been incurred in behalf of the defendant, from an order by the Appellate Division dismissing a report by the trial

judge, who found for the defendant, it did not appear that the defendant testified or made any binding admissions touching his liability, and it did appear that the judge denied a request for a ruling to the effect that the plaintiff was entitled to recover and other requests for rulings predicated upon certain assumed facts which were not found or were contrary to the findings made, no question of law was presented to this court.

A defendant who calls a plaintiff as a witness is not bound by his testimony as a matter of law.

Even if the defendant, in the action above described, received bills for services rendered by the plaintiff, it did not appear on the record that he was required to make any reply to them.

CONTRACT for $630.60 upon an account annexed for legal services and expenditures alleged to have been incurred in behalf of the defendant. Writ in the Municipal Court of the City of Boston dated November 28, 1930.

In the Municipal Court, the action was heard by *Good*, J., who found for the defendant and reported the action to the Appellate Division. The report was ordered dismissed. The plaintiffs appealed.

*H. E. Cole*, for the plaintiffs.

No argument nor brief for the defendant.

RUGG, C.J. This is an action of contract wherein the plaintiffs seek to recover for legal services and expenditures alleged to have been incurred in behalf of the defendant. The case was tried by a judge of the Municipal Court who found generally for the defendant and made a report containing all the material evidence. It does not appear that the defendant testified or made any binding admissions touching his liability.

The plaintiffs presented numerous requests for rulings. The first, to the effect that the plaintiffs were entitled to recover, apart from not conforming to Rule 35 of the Municipal Court of the City of Boston (1928), manifestly could not rightly have been given. The burden of proof rested upon the plaintiffs. Whether they had established it was a pure question of fact. The trial judge may have disbelieved all the evidence having any tendency to support the contentions of the plaintiffs. *Eddy* v. *Johnston*, 250 Mass. 299. All the other requests for rulings of law were predicated upon certain assumed facts. All of these requests

were refused on the ground that the facts posited as the basis of the requests either were not found or were contrary to the findings. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. No question of law is presented on this record. The whole issue was a pure question of fact. The defendant, although calling one of the plaintiffs as a witness, was not bound by his testimony. *Haun* v. *LeGrand,* 268 Mass. 582, 584. The defendant, even if he received bills for services rendered by the plaintiffs, does not appear on this record to have been required to make any reply to them. *Callahan* v. *Goldman,* 216 Mass. 234, 237–238. *Kumin* v. *Fine,* 229 Mass. 75, 76.

*Order dismissing report affirmed.*