EDITH L. GIBSON *vs.* HENRY J. McGUINESS.

Suffolk. October 2, 1934. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Evidence,* Relevancy and materiality, Competency, Admission, Letter.

At the trial of an action for personal injuries and property damage resulting from a collision of automobiles, evidence to show the length of time the operator of one of the automobiles had been licensed to operate motor vehicles previous to the collision was immaterial on the issue of that operator's negligence and properly was excluded.

At the trial of an action, the defendant called the plaintiff's attorney, who answered in the affirmative a question, whether he had "brought with" him "a letter" from the defendant's attorney "confirming a certain conversation." The defendant thereupon offered the letter, in which the writer stated that, "confirming" a previous conversation between the attorneys, he had a certain understanding as to the extent of the plaintiff's claim, and requested the plaintiff's attorney to advise him if his understanding was incorrect. The letter was excluded. The plaintiff's attorney did not testify that the letter confirmed the conversation, and there was no evidence that he had made any statement to the defendant's attorney concerning the extent of the plaintiff's claim, or that such a statement, even if made, was authorized by the plaintiff. *Held,* that

    (1) The answer of the plaintiff's attorney to such question, followed by the production of the letter by him, merely related to the identification of the letter;

    (2) The letter was self-serving and properly was excluded.

It *was stated* that if, having received the letter above described, the plaintiff's attorney failed to answer it, he did not thereby admit that the understanding of the defendant's attorney was correct.

TORT. Writ in the Municipal Court of the City of Boston dated May 26, 1932.

Upon removal to the Superior Court, the action was tried before *Morton,* J. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

With respect to the letter described in the opinion, one Chase, called by the defendant, testified as follows: ".Q. Are you a practising attorney? A. I am. — Q. Have you brought with you a letter from . . . [the defendant's counsel] confirming a certain conversation? A. I have. — Q. What is the date of the letter? A. October 11, 1933. — Q. You and your father were counsel for Mrs. Gibson, that is correct, isn't it? `A. Both of us were."

The defendant then offered the letter, and it was excluded subject to his exception.

*G. B. Rowell*, for the defendant.

*P. E. Troy*, for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries and property damage, sustained by the plaintiff as the result of a collision between her automobile, in which she was riding, and an automobile operated by the defendant.

At the time of the collision the plaintiff's automobile was operated by her son, who testified at the trial. During his cross-examination by counsel for the defendant he was asked: "You had been operating a car under Massachusetts license for about two months before this accident?" The question was excluded subject to the defendant's exception. Whether the collision between the cars was due to negligence of this witness or that of the defendant was to be determined by the conduct of the witness. The length of time he had been licensed to run an automobile was clearly incompetent and immaterial. The question was rightly excluded. *Lang* v. *Boston Elevated Railway*, 211 Mass. 492. *Polmatier* v. *Newbury*, 231 Mass. 307, 309. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, 127. *Hunt* v. *Boston & Maine Railroad*, 250 Mass. 434. *Conrad* v. *Mazman*, 287 Mass. 229, 235–236.

The second exception relates to the exclusion of a certain letter offered in evidence by the defendant. One Chase was called as a witness by the defendant and testified that he was a practising attorney, that he had with him a letter received from counsel for the defendant, and that he and his father were counsel for the plaintiff. The letter, which was addressed to the father of the witness, was as follows: "Con-

firming Mr. Lewis' telephone conversation with your son this morning, it is our understanding that no present or permanent injury is claimed in this case. If we are incorrect in our understanding, will you please so advise us?" The letter was signed by the firm who represented the defendant. The plaintiff objected to the admission of the letter and it was excluded subject to the defendant's exception. The answer to the question that he had brought with him the letter "confirming a certain conversation" followed by the production of the letter by the witness, merely related to the identification of the letter. The witness did not testify that the letter confirmed the conversation referred to, and was not asked if the letter confirmed any conversation had between counsel. There was no evidence that the plaintiff's attorney ever made the statement contained in the letter or, if it was made, that it was authorized by the plaintiff. If the defendant's counsel wanted to know if their understanding of the plaintiff's claim was correct they could have made inquiry of the witness, who was one of the plaintiff's attorneys. Even if, having received the letter, the plaintiff's attorney failed to answer it he did not thereby admit that the understanding of the defendant's counsel, as stated in the letter, was correct. It is plain that the letter was self-serving and was properly excluded. *Callahan* v. *Goldman,* 216 Mass. 234, 237, 238. *Pye* v. *Perry,* 217 Mass. 68, 71. *Holton* v. *Denaro,* 278 Mass. 261, 263.

Although other exceptions were saved by the defendant at the trial none is argued except the ones hereinbefore dealt with. The others are treated as waived.

*Exceptions overruled.*