### Northern District

### No. 4962

## ANDREW H. GARBUTT, et al

### v.

## RAYMOND L. FINN, et al

*Connelly, J.* This is an action, with a count in contract for breach of warranty and a count in tort alleging negligence, both for the same cause of action, brought by purchasers of fuel oil against the defendants, who sold it to them, in which the plaintiffs seek to recover for damage to their house and its heating system by reason of the unfitness of fuel oil containing water sold and delivered to them by the defendants. The answer is a general denial and contributory negligence.

Before the trial of this action, the defendants moved to consolidate this case for trial with case No. 20690, Raymond L. Finn, et al. vs. William H. Booth, which was pending in this same court. This latter case is an action by the plaintiffs, who are dealers in fuel oil and are the defendants in the present action, against the defendant, the wholesaler who sold the oil to them, in three counts all for the same cause of action, for breach of warranty and negligence by reason of the unfitness of the oil containing water.

The court allowed the motion to consolidate the cases for trial. The present plaintiffs duly claimed a report.

The only issue involved in this action is the right of a District Court to consolidate for trial cases pending in the court. The plaintiffs contend that it is

entirely a statutory right and statutory authority must be shown. The defendants say it is discretionary and that it is an inherent power of the court and not limited to statutory authority.

One of the statutes cited by the plaintiffs dealing with consolidation of actions for trial is G. L. c. 223, §2A, which allows the Appellate Divisions of District Courts to consolidate for trial "cross actions between the same parties or two or more actions, including for the purposes hereof other court proceedings, arising out of or connected with the same accident, event or transaction . . . pending in one or more district courts . . .". This statute was enacted in 1935, with amendments in later years, and gives the required authority to the Appellate Divisions but not by any express language to an individual district court.

Another statute, G. L. c. 231, §84A, enacted in 1933, gives the same authority to Superior Courts:

"If two or more actions to recover damages or indebtedness arising out of the same accident, event or transaction are pending in the superior court, whether in the same or in different counties, the court or any justice thereof may order that some or all of them be tried together in such county as he may designate. This section shall not limit existing powers of the courts or justices thereof relative to the consolidation or joint trial of causes."

It is to be noted, however, that these significant words appear as a part of the section: "This section shall not limit existing powers of the Courts or justices thereof relative to the consolidation or joint trial of causes".

What were these "existing powers of the courts" before 1933? There is no question but that the Superior Court had the power to consolidate cases for trial without the necessity of any statutory

authority as it was done in numerous cases. *Burke v. Hodge,* 211 Mass. 156, 159; *Lumiansky v. Tessier,* 213 Mass. 182, 187, and cases cited.

In *Burke v. Hodges,* 211 Mass. 156, decided in 1912, six tort actions in the Superior Court by three plaintiffs against two defendants, all arising out of a single incident, the fall of a wall, were consolidated for trial. The Court said "the evidence by which they were supported and defended was largely the same. The injury received by each plaintiff could not vary with the defendant, although the maximum of recovery would differ in the common law action from that under the employers liability act. Under the circumstances it was proper and within the discretion of the trial judge to order all the cases tried together".

*Lumiansky v. Tessier,* 213 Mass. 182, decided also in 1912, is frequently cited and appears to be the leading case in Massachusetts. Here two actions at law were consolidated with a suit in equity. In a lengthy opinion the court said "there is no statute covering the general subject of consolidation of actions in this Commonwealth, and a practice has grown up adapted to the accomplishment of justice according to varying circumstances;" and again "where several causes are pending between the same or different parties, which grow out of a single transaction or which involve an inquiry into the same event in its general aspects, although the details of evidence may vary materially in fixing the responsibility the court may order them tried together." In this same case the court intimated that the right of a court to consolidate actions was a part of the common law and a reading of the opinion makes it quite clear that the word "court" is used in its general sense as applying to courts in general and that no statute was necessary to give them the right to consolidate cases for trial as they already had the inherent power to do so.

In the cases before us the same oil was involved and the only question was this: "Was there water in the oil and, if so, who was responsible for putting it there?" If the law required a separate trial of each case, it was entirely possible that both cases could appear on the same trial list for trial on the same day. To require the court to hear evidence in one case on this single issue and then to do it all over again in the other case would seem to violate all the rules of logic and all the rules of practice concerning a court's duty to prevent multiplicity of trials.

The trial judge committed no prejudicial error in allowing the motion to consolidate the cases for trial and the Report is to be Dismissed.