*Western District*

## WORCESTER COUNTY NATIONAL BANK

v.

## FRANK A. LEE
and
## FRANK A. LEE

v.

## WORCESTER COUNTY NATIONAL BANK

Argued: Dec. 17, 1969 - Decided: Jan. 27, 1970.

*Present:* Garvey, P.J., Sloan, Dudley, J.J.

Tried to *McCooey, J.,* in the Central District Court of Worcester. D.C. No. 68T-426. S.C. No. 164983 and D.C. No. 69T1035. S.C. No. 165304.

*Sloan, J.* These actions were transferred by order of a justice of the Superior Court to the District Court for trial. G.L. c. 231, § 102C.

They were ordered consolidated for trial in

the Central District Court of Worcester. The action of *Worcester County National Bank,* (hereinafter referred to as the Bank). v. *Frank A. Lee,* (hereinafter referred to as Lee), was an action to recover $3,654.07, the balance claimed to be due on a promissory note dated December 8, 1965 in the amount of $4,614.82, plus attorneys' fees.

The action of *Lee* v. the *Bank* was an action in tort for conversion of a Mack Tractor Diesel (1958) —Mtr. #End67326071, Model H67T3620, the property of Lee.

The court found for the plaintiff Bank in its action against Lee in the total amount of $4,214.82. The court found for the defendant Bank in the action against it by Lee.

In addition to its general findings, the court at the same time made twenty-three supplementary findings.

In the case of the *Bank* v. *Lee,* 68T426, Lee filed requests for rulings of law, but did not file any request for any ruling of law in the case of *Lee* v. *the Bank,* 69T1035.

In the case of the *Bank* v. *Lee,* the judge denied the defendant's requests for rulings of law and the defendant Lee claimed to be aggrieved by such denial and by the court's supplementary findings and requested a report to the Appellate Division.

At the outset we are then faced with the procedural and jurisdictional question as to whether or not the case of *Lee* v. *the Bank* is prop-

erly before us. Since the cases were consolidated for trial, can the filing of requests for rulings in one case be considered as having been filed in both cases? ◦

 The law in regard to the consolidation of cases is by no means clear. Apparently when cases are consolidated they fall into the following three classes:

*First:* Where several cases having identical parties or causes could have been brought in one action the court may order them fused and they become one case.

*Second:* Where one case is tried as a so-called test case, being representative of a group of cases, and the decision in that case will govern the other cases.

*Third:* Where the cases are consolidated for the purposes of trial only.

It is obvious the cases under consideration are not test cases but are cases arising out of the same factual situation.

It is also apparent that these are not cases which should be fused, as the wording of the consolidation order does not so provide and the causes are not identical. *Hawkes* v. *First National Bank of Greenfield,* 264 Mass. 538, 544.

Our Supreme Court has said that an order of the court that cases be "consolidated for trial" is ambiguous as to whether fusion of the two cases into one is intended or whether the cases are merely to be tried together. *Miller* v. *Norton,* 353 Mass. 395, 398. It has also said where

cases are merely ordered to be tried together "they continue separate so far as concerns docket entries, verdicts, judgments and all aspects save only the one of joint trial". *Lumiansky* v. *Tessier,* 213 Mass. 182, 188.

Considering the type of actions, one being on a note, and the other being for conversion, the court in ordering the cases "consolidated for trial" meant and intended that the cases should not have been fused into one, but should simply be tried together and still remain separate as to docket entries, findings, judgments, requests for rulings and claims of reports. See *Garbutt* v. *Finn,* 12 Mass. App. Dec. 159.

This then leads us to the second question, namely, can we consider the judge's report as a voluntary report to the Appellate Division of the case of *Lee* v. *the Bank.* Our Supreme Judicial Court has had occasion to consider this problem. In *Ashton Valve* v. *Jean,* 273 Mass. 360 it was held that even though it did not appear in the report that any request for rulings was made, or that any request was made for a report on the ruling excluding certain evidence and the judge reported the case to the Appellate Division, it could be assumed that all proceedings necessary to present questions raised to the Appellate Division were complied with.

Again in *La Caisse Populaire Credit Union* v. *Cross,* 293 Mass. 190 it is said that although the plaintiffs did not file any request for rulings and therefore were not entitled to a report as

of right, yet the report can be considered as one filed by the trial court of its own volition and as presenting the question whether it had correctly found for the defendant.

It is therefore our opinion that we may properly act upon and decide the case of *Lee* v. *the Bank* as well as the case of *the Bank* v. *Lee.*

The reported evidence was as follows:

The defendant Lee executed the promissory note dated December 8, 1965 in the amount of $4,614.82 annexed to the plaintiff's declaration in the action of *Worcester County National Bank* v. *Lee.* No payments were made on the note. The defendant Lee executed a security agreement (chattel mortgage-consumer goods) covering a 1958 Mack Tractor Diesel—Mtr # End67326071, Model H67T3620, on February 12, 1965, and the Worcester County National Bank held this security agreement as collateral for the aforesaid note of December 8, 1965, as the not of December 8, 1965, consolidated various loans made by the bank to Lee into this one note.

On May 6, 1966 the Bank repossessed this Mack Tractor following a default of the said note. On May 9, 1966 the Bank framed the following letter:

"May 9, 1966

Mr. Frank A. Lee
58 Emerson Avenue
Peabody, Massachusetts
Re: 12-49290-4
1959 Mack Model H. Tractor

Dear Mr. Lee:

Due to the fact that you have defaulted your Massachusetts Security agreement, it has been necessary for us to repossess the vehicle which we were financing for you.

By law, it is necessary for us to inform you that your car has been stored and that you have until May 24, 1966 to pay the balance in full which is $4,614.82 plus accumulated storage and repossession charges.

If we do not hear from you by this date, the car will be disposed of according to law.

Sincerely,
L. L. Murray,
Collection Manager

LLM/gmw''

There was no evidence of the procedure followed by the Bank after this letter was framed with respect to bringing this letter to the attention of the defendant Lee, although the court in its supplementary finding and disposition of requests for rulings of law, stated that ''said plaintiff bank mailed a notice to the defendant maker Lee.''

On August 10, 1966 the Bank sold this Mack Tractor for $1,000. at private sale to Alpheus Maxcroft, of Oakham, Mass. The Bank credited the $1,000. received from the private sale to Lee's account.

Lee contends that the court erred in finding for the Bank on the ground that the

evidence failed to show that Lee received notice from the Bank of the time and place of the sale of the Mack Tractor and also that the sale by the Bank of the Mack Tractor was not held within ninety days after possession was taken as required by G.L. c. 106, § 9-505(3), stating that possession of the tractor was taken on May 6, 1966 and was sold on August 10, 1966.

In regard to the question of notice, G.L. c. 106, § 9-504 (3) provides that with certain exceptions "reasonable notification of the time and place of any public or private sale—shall be sent by the secured party to the debtor."

Supplementary finding of fact #15 of the court reads as follows:

> "I find that the plaintiff Bank failed to give the defendant adequate notice of the time and place of the sale of the subject —Mack Tractor as required by General Laws 106, Section 9-504."

However, in its finding #16 the court said:

> "I find, however, that said plaintiff Bank was excused from the giving of said notice of the time and place of said sale under the third exception excusing said notice— General Laws Chapter 106, Section 9-504 (3)—I find that the said collateral, namely the Mack Tractor was of a type customarily sold on a recognized market."

The short answer to the 16th finding of the judge is that nowhere in the reported evidence is there any evidence stating that the tractor

was of a type customarily sold on a recognized market.

It is apparent from a reading of the court's twenty-three supplementary findings, that many of them consist of a recitation of what we would surmise was evidence presented in the case. However, findings of fact by a court cannot be considered as evidence. A report to the Appellate Division must contain evidence to support the general and supplementary findings of a trial justice. We therefore are of the opinion that there was error in the findings made by the court in supplementary finding #16 that the Mack Tractor "was of a type customarily sold on a recognized market."

Lee's second claim of error is that the Bank did not dispose of the tractor within ninety days after taking possession. This is a requirement of G.L. c. 106, § 9-505 (3). The court in finding #5 states

"I find that on May 6, 1966 the plaintiff Bank — repossessed the said collateral namely, the subject Mack Tractor,"

and supplementary finding #10 the court states

"I find that on August 10, 1966, said subject Mack Tractor was sold by private sale by said plaintiff Bank — to one Alpheus Maxcroft of Oakham, Mass. for $1,000 (one thousand) dollars, which said sum I find was the fair and reasonable market value of said Mack Tractor, considering its age and condition."

It is thus apparent from these two findings that the collateral was not disposed of within ninety days after taking possession.

It is further pointed out that the report contains no evidence as to the fair and reasonable market value of said Mack Tractor.

We are of the opinion, therefore, that there was prejudicial error in the general finding and supplementary findings in regard to these points.

The findings in each case in favor of the Bank are hereby vacated and a new trial is to be had in each of the cases.

JOHN W. CONNORS
of Worcester for the Worcester County National Bank.

JOSEPH E. LEVINE
of Boston for Frank A. Lee.