MILDRED THOMPSON *vs.* RALPH P. SYLVESTER & another.

Suffolk. January 12, 1931. — January 29, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Contract,* What constitutes. *Evidence,* Competency, Letter.

At the trial of an action for a balance due for lumber alleged to have been sold by a lumber dealer to the defendants, a man and his wife, there was evidence that the man, in making the first order for the lumber in the presence of his wife, said that it made no difference to him if the lumber were charged to them jointly, that he thought it would be all right, that his wife could not answer because she did not speak English, but that he would explain it to her; that he and his wife thereupon talked in Italian; that she "nodded and he said it would be satisfactory"; that the dealer thereafter opened an account on his books in the defendants' names and delivered lumber over a period of three years; that he sent monthly statements during that period addressed to the defendants; that at times during that period he received promissory notes on account signed by both the defendants and at other times he received notes and payments from the man alone; that, about six months after the first order and shortly after receiving several substantial orders, the dealer, on January 12, wrote a letter to the defendants to confirm his understanding that the account was with the defendants "jointly and severally"; that, over two years later, in response to a telegram to the wife requesting payment of a sum then due, the dealer received a letter, written in English and signed by her, under date of May 2, in which she denied responsibility as a purchaser of the lumber; that on May 22 the dealer sent a letter addressed to both defendants in which he, referring to the wife's letter of May 2, stated that the account was with both defendants; and that the dealer on May 27 sent a letter addressed to the defendants in which he acknowledged receipt of a letter of May 25 signed by the man alone "as trustee" and stated that he would commence an action against both defendants unless the amount due were paid. The trial judge admitted the dealer's letter of Janu-

ary 12 subject to the defendants' exception and the letter of May 27 subject to the wife's exception; and denied a motion by the wife that a verdict be ordered in her favor. *Held*, that

(1) In the circumstances, the letter of January 12 was not inadmissible on the ground that it was self-serving; and there was no error in its admission;

(2) If the wife was jointly liable with her husband for the lumber, there was no error in the admission of the letter of May 27;

(3) Findings were warranted that the wife wrote the letter of May 2, that she understood English and that she knew at the first interview with the dealer that she was consenting to becoming liable for the lumber jointly with her husband;

(4) The wife's motion properly was denied.

CONTRACT. Writ in the Municipal Court of the City of Boston dated July 2, 1929.

On removal to the Superior Court the action was tried before *T. J. Hammond*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $2,618.29. The defendants alleged exceptions.

*J. B. Sly*, for the defendants.

*R. G. Wilson, Jr.*, for the plaintiff.

PIERCE, J. This is an action of contract brought by the plaintiff as assignee under written assignments of all rights which the J. F. Gerrity Company, hereinafter called the company, had against the defendants. The answer of the defendants is a general denial and payment.

In this action the plaintiff seeks to recover of the defendants a sum of money for lumber alleged to have been sold by the plaintiff's assignor to the defendants. At the trial to a jury in the Superior Court it was agreed by the parties to the action "that the lumber that is set out in the account annexed and in the declaration was shipped by the lumber company and delivered to someone"; and it was admitted by the defendants that at "some stage" the defendant Ralph P. Sylvester received these shipments of lumber in some capacity. No question is raised as to the quantity, quality or value of the lumber so shipped. It is stipulated to avoid further litigation that the admitted assignment by the company to the plaintiff of its rights against the defendant Ersilia N. Sylvester, dated December 2, 1929, may be treated as of June 2,

1929, the date of the assignment of its claim against Ralph P. Sylvester. At the close of the plaintiff's evidence both defendants rested and each defendant filed a motion for a directed verdict for the defendant. These motions were denied, respectively, and each defendant duly filed an exception to such denial. The jury found for the plaintiff. The case is before this court on the exceptions of the defendants thus saved and on their exceptions in respect to the admission in evidence of two letters. At the hearing before this court the defendant Ralph P. Sylvester waived the exception taken to the refusal to direct a verdict for him.

On the motion for a directed verdict for the other defendant the facts as they warrantably could have been found by the jury are as follows: Prior to June, 1926, the company had had no dealings with either defendant. In June, 1926, the president of the company, one Gerrity, and a salesman of the company, one Tobey, went to the home of the defendants in Winchester, Massachusetts, and there saw and talked with them. In the presence of the president and the defendants, Tobey said: "I have sold these people some lumber, and as I am more or less green with the Gerrity Company I thought you had better come out and see if everything is all right and if the arrangements are satisfactory." The president testified that he had looked over the order, the tentative order that they had given, and what they wanted; that he talked at this interview with Sylvester and asked him about it, and told him that he had called up the credit bureau and asked about his credit; that he asked Sylvester if it would be satisfactory to him and Mrs. Sylvester to charge the material jointly to Ralph P. and E. N. Sylvester; that Sylvester said that he proposed to pay practically cash and "it didn't make any difference to him to whom it was charged"; that Gerrity said it might make a difference to the company in the future, and asked him if it would be all right, and Sylvester said "he thought so"; that he then said, "Mrs. Sylvester, is this satisfactory to you?" and Sylvester said, "I don't think she can answer because she

doesn't speak English but I will explain it to her "; that Sylvester and his wife talked in Italian; that " She nodded and he said it would be satisfactory." Counsel for the defendants asked that " the last go out," that is, the testimony that " She nodded and he said it would be satisfactory," but took no exception to the nonaction of the judge in this respect.

Following this conversation the company made certain shipments to Winchester, Massachusetts, and opened a new account in its ledger sheets which, when offered and received in evidence, were objected to by the defendants on the ground that " They are self-serving statements, so far without any evidence that Mrs. Sylvester authorized this account." The record does not disclose that any exception was taken by the defendants to the admission of this evidence. These ledger sheets of the company showed the account of Ralph P. Sylvester and Ersilia N. Sylvester, 366 Main Street, Winchester, Massachusetts, for 1926, 1927, 1928 and until June 14, 1929. The date of the first invoice was June 15, 1926. Statements were sent on the last day of each month, from the time the orders started until shortly before this action was brought, addressed to R. P. and E. N. Sylvester, 366 Main Street, Winchester. After each order came in to the company from its salesmen, invoices were made out on the firm's paper and the original confirmation was sent to the customer. During the course of the business with Sylvester there was a time when the company got promissory notes on account, payable to the order of the company and signed by Ersilia and Ralph Sylvester.

On January 12, 1927, the company, according to its records, was owed $2,742.94 by Ralph P. Sylvester and E. N. Sylvester. There was evidence that about January 12, there were substantial orders and several sales; that just before the last named date the indebtedness as shown by the account was $2,200, and was higher than it had been for some time, and by January 25, the indebtedness was increased to $5,841.99.

On January 12 the company wrote a letter to Ralph P.

and Ersilia N. Sylvester, 366 Main Street, Winchester, Massachusetts, which reads as follows: "We have papers on hand covering car which will be invoiced to you to-morrow or next day. In reviewing our files we note that about a year ago we wrote you covering our understanding that our account would be only with Ralph P. and Ersilia N. Sylvester, jointly and severally. In order that we may have a record of it and inasmuch as a year has passed by, we thought well to call it to your attention again. If this is not clearly understood or entirely agreeable, please advise." At the trial, it appearing that the defendants did not have the original, the plaintiff offered in evidence a copy of the above letter. The defendants objected and excepted to the admission of this letter " on the ground that it is self-serving."

The defendant Ersilia N. Sylvester on the same ground further excepted to the admission of a letter dated May 27, 1929, and addressed to " Ersilia N. & R. P. Sylvester." This letter reads as follows: " We want to acknowledge your kind letter dated May 25. We notice that Mr. Sylvester signed this letter as trustee. We do not know what he is trustee of but it would indicate to us that he wants to escape personal liability on his account with us. Is this correct? We also note that you intend to be in here this week with the amount which you owe us, which is approximately $2,500. We are willing to wait until the end of the week and after that time we will not wait any longer but will certainly bring suit against you both." She now contends that, even if the " letter . . . dated May 25 " had been produced or had been offered in evidence, that the letter received in evidence, while a possible reply to the letter of Sylvester and admissible against him, was not admissible against her.

On January 16, 1929, the company sent the following telegram to the defendant Ersilia N. Sylvester: "You using us badly please come in here and settle your bill in full "; and on May 2, 1929, sent to her the telegram which reads: " Care R P Sylvester 366 Main St Winchester Mass kindly be at this office Friday morning

otherwise court action." In reply Gerrity received the following written letter dated May 2, 1929, signed " Ersilia N. Sylvester ":  " I today received your telegram and I do not understand why you should send it to me, when I do not know how you look or know any of your salesmen. You never have received any orders from me.  I have never talked to you and I am not in the building business. So I want you to know that I do not owe you anything and please do not send any more letters in my name. If my husband of The Winchester Building Trust bought anything from you, you will have to take it up with them. I hope this letter is clear."  On May 22, 1929, the company sent a registered letter addressed to both defendants, which was not returned, and which reads as follows: " We have your message which informs us that Mr. Sylvester will let us know when he can spare some money for us.  This is unsatisfactory.  The matter has been postponed too many times all ready.  Unless we receive a remittance during this present week we shall bring suit. Refer please to a letter signed, Ersilia N. Sylvester, dated May 2.  In this letter Mrs. Sylvester denies responsibility and we consider the letter an attempt to evade a just bill. We have never done business except with Ersilia N. and R. P. Sylvester, jointly, and severally.  We have documentary evidence to substantiate this, as you know.  We are not going to urge you further to take care of this account but we shall begin suit on Monday unless we have a payment."  The plaintiff also introduced in evidence notes signed by Sylvester in 1927 and by both defendants in 1928 and eventually paid, payments on account by Sylvester, a check of one Clark which was indorsed by Sylvester to the company, various checks from Sylvester, individually as trustee and as trustee for Winchester Building Trust, and cash items.

On the above facts we do not think the letter of January 12, 1927, was obnoxious to the objection that it was self-serving and therefore inadmissible in evidence.  The letter was written just after the receipt by the company of unusually large orders from the defendants and was a

wise and proper precaution after over six months' business with the defendants against any mistake or misunderstanding as to the continuance of the existing debtor and creditor relation between them. Assuming the jury found a joint and several obligation of the defendants, there was no error in the receipt in evidence of the letter of May 27, 1929. While there is no direct evidence that the defendant Ersilia N. Sylvester wrote the body of the letter dated May 2, 1929, and affixed her signature thereto, there was evidence, nevertheless, to be derived from an inspection of her admitted signature to the notes admitted in evidence, without objection, that the signature to the notes and the body of the letter and the signature thereto were in the same handwriting and that they were written by Ersilia N. Sylvester. If upon comparison the jury should find the defendant Ersilia penned the letter of May 2, 1929, they would be warranted in finding, as the plaintiff contends, that she understood English even though she could not speak it, and would be further warranted in finding that she knew what was said at the interview and knew when she nodded her head that she was consenting to be jointly liable with her husband to the company for the lumber it should sell and deliver to him. On all the evidence we think it plain that the judge refused to direct a verdict for the defendants or either of them rightly, and we are of opinion that there is no reversible error in the reception in evidence of the letters to which objection and exception were taken.

*Exceptions overruled.*