CHARLES S. BOUCHARD *vs.* CAROLINE A. BOUCHARD.

Norfolk.     November 12, 1942. — April 1, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Equity Pleading and Practice*, Master: report of evidence, admissibility of evidence, exceptions to report. *Evidence*, Partly inadmissible.

A master was not required by Rule 90 of the Superior Court (1932) to report a summary of evidence in connection with an objection to his report based on the ground that the evidence was insufficient to warrant a finding, where the evidence had not been taken by a stenographer and there was no motion for a special order of the court for such a report.

To establish the right to determination by a court of the propriety of a ruling by a master as to the admissibility of evidence offered before him, the question of its admissibility must be saved before the master

at the time the evidence is offered and an objection in writing specifically addressed to that question must be brought in to the master after his draft report is settled.

The burden of showing error by a master was not sustained by one objecting to his admission in evidence of a letter containing self-serving statements where the master's report contained only part of the letter and did not negative possible grounds for its admission, and the objecting party did not request a limitation of its use by the master.

BILL IN EQUITY, filed in the Superior Court on October 23, 1941.

From a final decree entered by order of *Buttrick*, J., the defendant appealed.

*F. J. Linehan, Jr.*, (*T. A. Flanagan* with him,) for the defendant.

*H. F. Wood*, for the plaintiff.

FIELD, C.J.   This is a suit in equity brought in the Superior Court to compel the defendant to convey certain real estate to the plaintiff.   The case was referred to a master without any special order with respect to reporting evidence.   Rule 90 of the Superior Court (1932).   The defendant brought in to the master objections to his report which are appended thereto.   The exceptions were overruled and the report was confirmed by an interlocutory decree from which no appeal was taken.   A final decree was entered ordering conveyance of the real estate substantially as prayed for in the bill of complaint.   The defendant appealed from this final decree.

The contentions made by the defendant relate to procedural matters only:   (a) the failure of the master to report certain evidence or the failure of the trial judge to order such evidence reported, and (b) the admission of evidence at the hearing before the master.

Even if we assume in favor of the defendant, the appealing party, that these contentions are open on the appeal from the final decree, without an appeal from the interlocutory decree — as we do not decide — the contentions cannot be sustained.

1. There was no error in the failure of the master to report certain evidence or in the failure of the trial judge to order such evidence reported.

The order of reference did not require a report of the evidence. And the right of the defendant to a report of a summary of evidence is defined by Rule 90 of the Superior Court (1932), whereby it is provided: "Unless the court expressly orders otherwise, whenever any objection presented to the master raises a question of law which depends upon evidence not reported, the master, upon written request presented with the objection, shall append to his report, for the sole purpose of enabling the court to determine such question of law, a brief, accurate and fair summary of so much of the evidence as shall be necessary for such purpose. But where the objection raises the question whether the evidence was sufficient in law to support a finding of fact made by the master, no such summary shall be made without special order of the court, unless (1) the evidence shall have been taken by a stenographer selected or approved by the master before any evidence was introduced, and (2) the objecting party shall at his expense furnish the master, within the time allowed for bringing in objections, with a transcript of so much of the evidence taken by such stenographer as is material to such question of law."

Many of the defendant's objections to the master's report — though stated in somewhat different terms — are objections to findings of the master on the ground that the evidence was insufficient to support them. There is no "written request" for a report of a summary of the evidence with respect to any other objection. The written objections brought in to the master by the defendant contained the statement that she "contends that the findings made by the master in practically every paragraph on his final report are so contradictory of the facts in the case that it warrants the whole matter being referred back to the master for a further report by him of the evidence upon which he has made his findings." If this statement is treated as a "written request" under Rule 90 for a report of a summary of evidence, it obviously relates to the objections to the report on the ground of insufficiency of evidence. But the record does not show that the evidence was "taken by a stenog-

rapher selected or approved by the master before any evidence was introduced." Rule 90 of the Superior Court (1932). On the contrary, the certificate of the master attached to the report states specifically that the "evidence was not taken by a stenographer." Consequently the defendant was not entitled as of right to a report of a summary of evidence. *George C. Miller & Co. Inc.* v. *Beagen,* 293 Mass. 54, 57. *Russo* v. *Thompson,* 294 Mass. 44, 46–47. *Zytka* v. *Dmochowski,* 302 Mass. 63, 67. *John A. Frye Shoe Co.* v. *Williams,* 312 Mass. 656, 666–668. Furthermore, it does not appear that the defendant made any motion for a "special order of the court" for such a report. But even if there had been such a motion, and more clearly where, as here, there was no such motion, the matter was within the sound judicial discretion of the trial judge. *George C. Miller & Co. Inc.* v. *Beagen,* 293 Mass. 54, 57. It cannot be said upon this record that it was an improper exercise of the discretion of the trial judge to make no such "special order."

2. The contention that evidence was improperly admitted by the master cannot be sustained.

The gist of the plaintiff's case was that he furnished money in part to the defendant, the wife of the plaintiff's father, and in part to the plaintiff's father, from whom it was obtained by the defendant with knowledge of the purpose for which it was furnished to the plaintiff's father, for the purchase of real estate for the plaintiff, title to such real estate to be taken in the name of the defendant, that in accordance with this arrangement the real estate in question in this case was purchased wholly with the money of the plaintiff and title thereto was taken in the name of the defendant, but that the defendant refused to convey such real estate to the plaintiff. The master's findings — which need not be recited in detail — were in accordance with the plaintiff's contention.

(a) The master in paragraph 7 of his report found that in "August, 1930, the plaintiff received a letter from his father enclosing a memorandum relating to the purchase of this property and money received by the father from the plain-

tiff," and set out the facts stated in the memorandum. The defendant brought in a written objection to this paragraph in its entirety.

So far as this written objection to the paragraph is based upon the insufficiency of the evidence to support the findings of the master therein set forth, no ground for the objection appears in the report, since neither the evidence nor a summary thereof bearing upon these findings is reported. And, for reasons already stated, the defendant was not entitled to a report of such evidence or of a summary thereof.

The facts found by the master and set forth in this paragraph of his report, including the facts contained in the memorandum, were material to the case. And if the memorandum was admitted by the master without objection, it was entitled, even if incompetent, to its probative value. *Revere* v. *Revere Construction Co.* 285 Mass. 243, 247. The defendant, however, contends that the memorandum was inadmissible. But no question of its admissibility is presented by the record. Two steps are required to preserve for review by the court a question of the admissibility of evidence offered at a hearing before a master: (1) the question of the admissibility of the evidence must be saved before the master at the time such evidence is offered (*Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 277), and (2) a written objection specifically addressed to the question of the admissibility of the evidence must be brought in to the master after the draft report has been settled — by analogy to embodying in a bill of exceptions an exception saved at a trial. *Arnold* v. *Maxwell*, 230 Mass. 441, 444. *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 336–337. *Pearson* v. *Mulloney*, 289 Mass. 508, 512. *Meehan* v. *North Adams Savings Bank*, 302 Mass. 357, 362–363. The record does not show that there was any objection at the hearing before the master to the admission of the memorandum. Nor is the written objection to the seventh paragraph of the master's report specifically addressed to the question of its admissibility. But even if the objection were to be so construed, it would not avail the defendant since it does not appear that the

question of the admissibility of the memorandum was saved at the hearing before the master.

(b) Paragraph 15 of the master's report is as follows: "During the hearings before me the plaintiff . . . [offered] in evidence certain letters which he had written from Europe during the period in question and in which he mentioned specific sums of money which he had already sent or was then sending to his father or to the defendant. These letters were headed 'Dear Pop and Mom' and were read by both the father and the defendant when received. The defendant did not deny the authenticity of the letters or the facts as stated in them. The defendant objected to the introduction of these letters but I admitted them in evidence over her objection." The defendant's objection to this paragraph is addressed specifically to the question of the admissibility of the letters from the plaintiff referred to therein, and sets up that they were inadmissible because self-serving. The question of their admissibility must be determined on the facts appearing in the master's report. And the burden rested upon the defendant, the appellant, to show error. *Eveland* v. *Lawson*, 240 Mass. 99, 103.

The facts set forth in the master's report do not show that the admission of the letters was erroneous. It appears that these letters were intended for both the defendant and her husband and were read by both of them. It is a general principle that self-serving declarations by a party are not admissible in his favor. *Sargent* v. *Lord*, 232 Mass. 585, 587. The entire contents of the letters, however, do not appear in the master's report. Nor does this report show the other correspondence, if any, between the plaintiff and the defendant with respect to the transaction in question, although it appears in the report that there was some correspondence between the plaintiff and his father with respect thereto. It is apparent that the letters covered by the defendant's objection, by reason of the mention therein of money sent by the plaintiff to his father or to the defendant, were in that aspect self-serving. But these letters would not necessarily be inadmissible for this reason if they were in answer to or were answered by letters from

the defendant to the plaintiff so that they constituted a part of a mutual correspondence between them with respect to the transaction (*Kumin* v. *Fine,* 229 Mass. 75, 76–77; *Curtis* v. *Boston Ice Co.* 237 Mass. 343, 352; *Horowitz* v. *S. Slater & Sons, Inc.* 265 Mass. 143, 150–151), or if they contained matter, apart from the self-serving statements mentioning the sending of money by the plaintiff, that was admissible. If any letter or any part thereof was admissible for any purpose, the letter could not rightly have been wholly excluded upon an objection to its admission, though the defendant was entitled, upon her request, to have the use of such letter limited to the purposes for which it was admissible. *Eveland* v. *Lawson,* 240 Mass. 99, 103–104. *Orr Felt & Blanket Co.* v. *Sherwin Wool Co.* 248 Mass. 553, 558. See also *Sweetser* v. *Bates,* 117 Mass. 466, 468; *Perry* v. *Pye,* 215 Mass. 403, 411. No request for such a limitation upon the use of the letters here in question appears to have been made.

The master's report does not show that the letters were not admissible, at least for some purpose. For example, it is not unlikely — though the fact does not appear in the master's report — that the letters of the plaintiff read by the defendant contained statements of the purpose for which money was sent by the plaintiff, and if the letters contained such statements, they might have been admissible for the purpose of showing that the defendant had notice of the plaintiff's purpose in sending money — a fact material to the case — even though they were not admissible to show the fact stated therein that he actually sent money. See *Carter* v. *Papineau,* 222 Mass. 464, 468; *Auringer* v. *Cochrane,* 225 Mass. 273, 275; *Thompson* v. *Sylvester,* 274 Mass. 364, 369–370. We need not, however, conjecture as to possible grounds of admission of these letters. It is enough to say that the master's report does not negative possible grounds for the admission thereof and, consequently, does not show that such admission was erroneous.

Furthermore, the master's report does not show — even if, as does not appear, it was technically erroneous to admit the letters — that the defendant was prejudiced by such

admission. The report does not disclose the amount of money mentioned in the letters as sent by the plaintiff to the plaintiff's father or to the defendant. For aught that appears, there may have been evidence, apart from the letters, covering this subject, admitted without objection, that was more favorable to the plaintiff than the statements in the letters and amply sufficient to support the findings of the master. It does not appear that the evidence furnished by the letters of the sending by the plaintiff of an indefinite amount of money to his father or to the defendant was more than merely cumulative. "Exceptions to the rulings of a master upon the admissibility of evidence not plainly affecting his conclusions upon the real merits are not readily to be sustained." *Atherton* v. *Emerson,* 199 Mass. 199, 211. See also *Long* v. *Athol,* 196 Mass. 497, 508; *Moscot* v. *Frank Ridlon Co.* 216 Mass. 193, 195; *Chandler* v. *Prince,* 217 Mass. 451, 459; *Freedman* v. *Lipman,* 223 Mass. 471, 472; *Finance Corp. of New England, Inc.* v. *Maynard,* 249 Mass. 294, 299; *Perivoliotis* v. *Eveleth,* 251 Mass. 444, 446–447; *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12, 14.

The final decree appealed from was not erroneous on any of the grounds argued by the defendant. See *Commonwealth* v. *Dyer,* 243 Mass. 472, 508; *Seder* v. *Kozlowski,* 311 Mass. 30, 38; *Geffen* v. *Paletz,* 312 Mass. 48, 58.

*Decree affirmed with costs.*