ANTHONY MELONE *et al. vs.* MARY MELONE.

JULY 9, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Condon, J.  This bill in equity for partition of real estate and an accounting is here on the respondent's appeal from a decree of the superior court dismissing her exceptions to the report of the master to whom the cause had been duly referred, and from a final decree entered thereafter by that court confirming such report.

After the cause was ready for hearing on bill, answer and replication and it appearing to the superior court that the parties were in agreement that the cause be referred to a master, a decree was entered directing the master to hear the parties on all matters in issue and to report his findings, including an accounting between the parties, to the court.  After numerous hearings and some procedural delays which need not be enumerated here, on August 22, 1952 the master submitted to the parties a draft report and notified them that he would hear their objections thereto on September 2, 1952.  The respondent did not appear before the master on that day nor did she file any objections to the report.  Thereupon the master filed the report in the superior court September 5, 1952.

The respondent duly filed exceptions to the report based on objections that she had made to certain rulings of the master at the hearing.  Such objections are noted in the transcript of the testimony which the decree directed him to file with his report.  The complainant moved to dismiss the exceptions on the ground that they were not properly before the court.  The trial justice found that since respondent had not filed objections to the report as required by

equity rule 40 of the rules of practice of the superior court, she was not entitled to be heard on her exceptions. From a decree dismissing the exceptions, respondent appealed to this court.

The complainants moved to dismiss such appeal on the ground that it was premature and we granted the motion. A final decree confirming the master's report was thereafter entered by the superior court. From that decree and the prior decree dismissing her exceptions, respondent has prosecuted the instant appeals. The basic question raised by the appeals is whether in the circumstances here respondent was obliged under rule 40 to file objections to the report as a condition precedent to the right to have her exceptions considered by the superior court.

Rule 40 reads as follows:

"The master, as soon as his report is ready. shall submit the draft of the same to the parties or their solicitors, and appoint a time and place for hearing such objections thereto as they may think fit to suggest; and after noting and considering such objections, shall finally make up his report and file the same in court. The parties shall have thirty days from the time of opening the report to file exceptions thereto; and if no exceptions are filed by either party within that period, the report will be confirmed."

The respondent contends that the rule is not applicable in her case because her exceptions are based upon objections to the master's rulings which are noted in the transcript and therefore there was no necessity to renew them as objections to the report. She cites no authority in support of such contention, but bases it largely on an assumption that it would be a useless thing for the rule to require repetition of such objections upon the filing of the report.

On the other hand complainants contend it is well settled by the decisions of this court that the rule admits of no relaxation and that unless objections to the report are filed it must be confirmed. In support of their contention they

cite *Bellini* v. *Neas,* 50 R. I. 283, *McAuslan* v. *McAuslan,* 34 R. I. 462, and *Teoli* v. *Nardolillo,* 23 R. I. 87. However, in none of those cases was the court called upon to pass on a contention like the one respondent raises here. And as far as we are aware it has never been considered by this court.

Ordinarily exceptions raise for the determination of the superior court only questions of law affecting the master's report. Rulings of the master admitting or excluding evidence prior to the report are not matters of law affecting the report. Formerly there was some question whether they could properly be reviewed by exceptions or should be brought to the court's attention by a petition to set aside the report. *Hall* v. *Westcott,* 17 R. I. 504. On the authority of that case it was claimed in *Low Estate Co.* v. *Lederer Realty Co.,* 39 R. I. 422, that objections to such rulings could not be made the subject matter of exceptions. However, the court pretermitted the question and overruled the challenged exceptions on their merits.

In some jurisdictions such rulings can in no event be questioned by exceptions to the report. But it seems to be otherwise in Illinois and Massachusetts. In those states the master's rulings on evidence are reviewed by the court on exceptions to his report as matters of law affecting it if such exceptions are based on objections properly taken to the report. *Northern Trust Co.* v. *Sanford,* 308 Ill. 381; *Bouchard* v. *Bouchard,* 313 Mass. 531. In the first-cited case the Illinois court stated at page 388: "Where a party desires to have the court revise the rulings of the master as to the admission or rejection of evidence he should file an objection to the master's report, pointing out such ground with reasonable certainty, and if the master still adheres to his ruling and returns the report into court, the party objecting may then file exceptions to the report and to such ruling."

In the *Bouchard* case the necessary procedure to be taken

was stated by the supreme judicial court of Massachusetts at page 535 as follows: "Two steps are required to preserve for review by the court a question of the admissibility of evidence offered at a hearing before a master: (1) the question of the admissibility of the evidence must be saved before the master at the time such evidence is offered * * * and (2) a written objection specifically addressed to the question of the admissibility of the evidence must be brought in to the master after the draft report has been settled—by analogy to embodying in a bill of exceptions an exception saved at a trial."

In the case at bar if respondent was entitled to have her objections to the master's rulings on the evidence determined by the court on exceptions, notwithstanding what was said in *Hall* v. *Westcott, supra,* we are of the opinion that she could be so entitled only if she followed the practice set out in the Illinois and Massachusetts cases. By adhering to such practice she would be conforming to both the letter and the spirit of rule 40. The evident purpose of that rule is to give the parties and the master a full and fair opportunity to correct any error in a matter of law affecting the report before it is made final and filed in court. For this reason we are of the further opinion that respondent should have filed, as formal objections to the report, the objections which she had saved to the master's rulings at the hearings before him.

It is in no sense an idle ceremony to require this, as respondent seems to suggest. The requirement serves a real useful purpose as has been well stated in *Pearson* v. *Mulloney,* 289 Mass. 508, at page 512: "In a long hearing, counsel often save questions of evidence which appear to be of merely ephemeral interest, and a master reasonably may decide not to burden his report with them. If a party still desires to present them to the court, Rule 90 of the Superior Court (1932) prescribes his remedy. He must bring in a written objection to the ruling as to evidence

alleged to be erroneous, and, bearing in mind the principle that an exception can be sustained only where the master's report itself demonstrates his error, the party must present with the written objection a written request that the master append to his report a 'brief, accurate and fair summary of so much of the evidence as shall be necessary' to present the question of law."

Rule 90 of the superior court of Massachusetts although more detailed than equity rule 40 of our superior court is essentially the same. The request for a summary of the pertinent evidence referred to in the above quotation would not be necessary in a case like the one at bar where the decree of reference specifically directed the master to return with his report a transcript of the testimony. However, it would be necessary ordinarily, since the practice is for the master not to report testimony unless directed to do so by decree or by request of some of the parties to the suit. *Clapp* v. *Sherman*, 16 R. I. 370.

But even where the testimony is fully reported by the master, a party objecting to his rulings on the admission or exclusion of testimony is not thereby excused from the obligation to file such objections to the report if he desires to make them the bases of exceptions thereto. In *Meehan* v. *North Adams Savings Bank*, 302 Mass. 357, the court made this clear at page 362: "It may have been thought that the master, by reporting the questions of evidence saved during the hearing, duly saved them for the parties. The only reference to them in the objections brought in was of an omnibus character. Even though the questions and the evidence upon which they are based are fully reported by the master, no question of evidence is presented for the consideration of the judge or of this court without an objection, specifically addressed to the particular question of evidence, brought in under Rule 90 of the Superior Court (1932)." Where no objections are filed to the master's report the facts found therein are final and taken to

be true. *Hamaty* v. *St. George Ladies Society,* 280 Mass. 58. The filing of such objections in court after the filing of the master's report has been held to be futile. *Lipsitt* v. *Sweeney,* 317 Mass. 706.

We have cited these Massachusetts cases and quoted from them at some length because we think they mark out with distinctness and clarity the correct practice under a rule which is not essentially different from our superior court's rule 40 upon which the trial justice relied. We think he did not err in dismissing respondent's exceptions. Exceptions not based upon objections to the master's draft report are invalid. And in the absence of valid exceptions the court must confirm the report. *Bosworth* v. *Johnson,* 45 R. I. 86. We are, therefore, of the opinion that in view of the dismissal of respondent's purported exceptions the final decree of the superior court confirming the master's report is correct.

The respondent's appeals are denied and dismissed, the decrees appealed from are affirmed, and the cause is remanded to the superior court for further proceedings.

*Arcaro & Belilove, Abraham Belilove,* for complainants.

*Isidore Kirshenbaum, Frank H. Bellin,* for respondent.