ARTHUR J. STUBBERT, JUNIOR, *vs.* JOHN SERGIO & others.

Plymouth.    November 5, 1956. — December 3, 1956.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Equity Pleading and Practice,* Counterclaim; Suit to reach and apply;
  Master: exceptions to report, summary of evidence. *Words,* "Trans-
  action."

In a suit in equity to reach and apply to an indebtedness of two defend-
  ants to the plaintiff shares of stock in a corporation allegedly owned
  by one of the defendants, the other defendant properly set up in his
  answer a claim to some of the shares. [92–93]
An exception to the report of a master, who was requested to make a
  summary of the evidence, on the ground that the evidence did not
  support a finding made by him could not be considered by this court
  where it was not shown that the evidence was taken by a stenographer
  under Rule 90 of the Superior Court (1954) or that there was a special
  order of the trial court thereunder for such summary. [93]

BILL IN EQUITY, filed in the Superior Court on June 6,
1955.

The suit was heard by *Warner, J.,* on a master's report.

*Victor G. Fields,* for the defendants Keneklis and Colonial
Spa, Inc.

No argument nor brief for the plaintiff.

WHITTEMORE, J.    This is a bill to reach and apply, to
the indebtedness to the plaintiff of the defendants Keneklis
and Sergio, shares of stock in the defendant Colonial Spa,
Inc., allegedly owned by Keneklis.   The defendants Keneklis
and Colonial Spa, Inc., filed objections to the master's
report, which stand as exceptions (Rule 90 of the Superior
Court [1954]), excepted to and appealed from the inter-
locutory decree confirming the report and overruling the
exceptions, and appealed from the final decree.

The master found that the individual defendants admitted
their liability.   Sergio's answer set up a claim to fifty of the
one hundred shares of the corporate defendant and averred

his willingness to have them applied to the debt against him. The master found that the defendant Keneklis is the owner of record of ninety of the subject shares and that he had agreed to give Sergio fifty of them (the body of the report shows that this was for substantial consideration in connection with the joint venture in which the indebtedness to the plaintiff was incurred), that Keneklis then "would have owned forty shares and possibly controlled the remaining ten shares . . . which then stood in the name of his brother, Peter Keneklis," and that the plaintiff "has the right to reach and apply ninety shares of the . . . stock . . . ." The final decree directed that, if the stated amount due and costs should not be paid by the individual defendants within twenty days, all right, title and interest, legal or equitable, which they had at the time of the service of process upon them to the one hundred shares should be sold and the proceeds applied to the commissioner's costs and then to the debt, and that the balance if any should be paid to the individual defendants equally.

Keneklis and the corporate defendant objected to the refusal of the master to strike from the report evidence which supported the finding that Keneklis had agreed to give Sergio fifty of the shares on the ground that Sergio's answer in this respect "is in effect a separate action . . . and therefore an improper pleading." There is nothing in this. Sergio was a proper party not only as a principal debtor but also as the claimant of an interest in the shares sought to be reached. Had Keneklis been the only debtor and Sergio not been joined originally the latter could have intervened to set up the claim which he stated in his answer. "One common occasion for intervention arises when a court of equity has taken into its control property as to which the intervener claims a lien or other interest. In such a case the court has ancillary jurisdiction to determine, protect and enforce the claim of the intervener." *Piper* v. *Childs*, 290 Mass. 560, 563–564. Whether or not Sergio's claim was within the intent of the first sentence of Rule 32 of the Superior Court (1954) ("The an-

swer . . . must set up any counterclaim, against any one or more of the parties, arising out of the transaction which is the subject matter of the suit, which might be the subject of an independent suit in equity"), we think that, apart from this rule, he had a right and an obligation to assert his claim in this suit to which he was a party, a purpose of which was to determine Keneklis's ownership of the shares. Under Rule 32, a "subject matter of the suit" so far as it is of equitable cognizance is the question of the ownership of the shares, and where as here the claim is so surely within the apparent intent of the rule, we do not think that inaptness of the word "transaction" is controlling. "The word 'transaction' in this rule should be construed in a sense 'to effectuate the settlement in one proceeding of controversies so closely connected as appropriately to be combined in one trial in order to prevent duplication of testimony, to avoid unnecessary expense to the parties and to the public, and to expedite the adjudication of suits. . . .' *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 608." *Davis & O'Connor Co.* v. *Shell Oil Co. Inc.* 311 Mass. 401, 405.

The objection that there is no evidence to support the finding that Keneklis is the owner of stock in the corporation cannot be considered. The master was requested to make a summary of the evidence, but there is no showing that the evidence was taken by a stenographer under Rule 90 of the Superior Court (1954), nor was there a special order of the court under that rule that such summary be made. *Bouchard* v. *Bouchard,* 313 Mass. 531, 533–534. There was no appeal from or exception to the denial of the motion of Keneklis and Colonial Spa, Inc., to recommit which in effect asked for such a special order. In any event its disallowance does not appear to have been an abuse of discretion.

The master's report is insufficient to support the provision of the final decree for the sale of the ten shares standing in the name of Peter Keneklis. The decree must be modified to order the sale of only the ninety shares standing in the name of the defendant James Keneklis (also referred to as

James T. Keneklis) and the division of any surplus proceeds in the proportion of five ninths to the defendant Sergio and four ninths to the defendant Keneklis.

The interlocutory decree is affirmed. The final decree is to be modified in accordance with the opinion and as so modified is affirmed.

*So ordered.*