COMMONWEALTH *vs.* LEO K. McLELLAN.

Suffolk.    October 4, 1966. — November 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Evidence,* Of identity, Photograph.

The admission at a criminal trial of a photograph of the defendant which
   had been "picked out" by a witness was not error in that the photo-
   graph was prejudicial as having come from police files where, so far as
   appeared, there was nothing to indicate the source of the photograph
   other than a number thereon which the judge offered to conceal.

INDICTMENT found and returned on April 4, 1963.

The case was tried in the Superior Court before *Dona-
hue, J.* The defendant was found guilty and alleged
exceptions.

*Donald W. Westwater* for the defendant.

*John C. Mahoney,* Assistant District Attorney, for the
Commonwealth.

SPALDING, J.    The defendant was convicted under an in-
dictment charging armed robbery.    The sole question re-
lates to the admission in evidence of two photographs.    The
rulings complained of arose in these circumstances.    One
Gilman (the alleged victim of the robbery) was called as a
witness for the Commonwealth.    He was asked if at some
time a picture was brought to his attention, and his answer
was yes.    He was then shown a picture and said it was the
one which had been shown to him.    The picture was offered
in evidence and counsel for the defendant objected.    Upon
further questioning it appeared that the witness had
"picked out two pictures" of the defendant, the one offered
and another.    The judge asked counsel for the defendant
what was the basis of his objection and counsel said, "it's
prejudicial."    The judge agreed that it was and asked
counsel if he wanted "to put a piece of paper over that"
(the number).    Counsel for the defendant said, "No, I ob-

ject to the whole admission of the picture.'' The picture was then admitted in evidence subject to the defendant's exception. Subsequently a second picture of the defendant was admitted, subject to the defendant's exception.

We have held that it is competent to show that a witness has identified the accused at a prior time. *Commonwealth* v. *Locke,* 335 Mass. 106, 112. *Commonwealth* v. *Nassar, ante,* 37, 42. And, as these cases hold, such prior identification may be of either the person or his photograph. The defendant does not argue the contrary. Rather he challenges the rulings on the ground that they permitted the introduction of pictures which had been taken from the rogues' gallery. On this meager bill of exceptions it is not entirely clear that the pictures were of that nature. But in view of the judge's concurrence in the defendant's contention that the photographs were prejudicial and the fact they contained numbers, we infer that they had the appearance of rogues' gallery photographs. The photographs are not before us. So far as appears, the only thing that would indicate that they might have come from police files was the number. There is nothing to indicate that they contained any police history of the defendant. The judge was willing to conceal that portion of the photographs showing the number if the defendant desired — and it would have been the safer course to have done so in any event — but the defendant insisted on their exclusion even with the numbers concealed. We are of opinion that there was no error. *Commonwealth* v. *Johnson,* 199 Mass. 55, 61–62. *Commonwealth* v. *Nassar, ante,* 37, 43. *Cooper* v. *State,* 182 Ga. 42. *Commonwealth* v. *Connors,* 156 Pa. 147. *Matters* v. *Commonwealth,* 245 S. W. 2d (Ky.) 913, 914. But see *Vaughn* v. *State,* 215 Ind. 142.

*Exceptions overruled.*