COMMONWEALTH *vs.* WENDALL D. RAWLINS.

Suffolk.  ·February 6, 1967. — April 3, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Evidence,* Of identity, General objection to evidence, Cumulative evidence, Of motive, Admissions and confessions, Contradiction of witness.  *Constitutional Law,* Assistance of counsel, Admissions and confessions. *Practice, Criminal,* Assistance of counsel.

Evidence at a trial for robbery that on the day following the robbery, when the defendant was not present, the victim had picked out the defendant's photograph from several photographs which were shown to her was admissible to corroborate testimony by her at the trial identifying the defendant as the robber.  [295]

Evidence admissible for some purpose cannot properly be excluded on a general objection to its admission.  [295]

At a trial for a crime in which the victim was beaten, evidence that soon after the crime and the arrest of the defendant he was identified by the victim in the emergency room of a hospital was not inadmissible on the ground that the defendant "was not represented by counsel at the time of the identification."  [295–297]

At a trial for robbery of the wife of a restaurant owner, testimony by the victim's husband that the defendant had caused a disturbance at the restaurant and had been ejected by him about three months before the robbery was admissible on the issue of motive.  [297]

A statement volunteered by the defendant in a criminal case to a police officer while the defendant was under arrest was not the result of "custodial interrogation" by the officer and was not to be excluded as such at the trial even though the defendant was not represented by counsel at the time he made the statement.  [297–298]

Where a witness for the defendant in a criminal case testified that he, the witness, had not admitted to a police officer that he had taken a gun from the defendant's apartment to another apartment, the officer's testimony as to his conversation with the defendant's witness was admissible to impeach that witness's credibility.  [298]

INDICTMENT found and returned on March 14, 1966.

The case was tried in the Superior Court before *Lurie, J.*

*Bernard E. Bradley, Jr.,* for the defendant.

*John C. Mahoney,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J.    The defendant was indicted with one Kenneth E. Witt for armed robbery.    The jury returned a verdict of not guilty as to Witt and a verdict of guilty as to the defendant, who received a sentence of twelve to eighteen years.[1]    The trial was subject to G. L. c. 278, §§ 33A–33G, and is here on appeal.    There are nine assignments of error, seven of which have been argued.

The following facts are undisputed.    About 9:30 P.M. on Friday, February 11, 1966, one Vivian Williams went to the front door of her home to answer the doorbell.    She observed two men, one Negro and one white, standing outside her door.    The Negro stated that he was a police officer and demanded to be admitted.    After he showed her a badge and started to break the door down, Mrs. Williams let him in.    When she opened the door they both "rushed in with guns."    The men beat Mrs. Williams, tied her up and searched through the house.    They eventually left, taking a strong box which contained various personal papers.

Mrs. Williams testified that the defendant and Witt were the men who assaulted and robbed her that night.    The defendant and Witt both testified and offered the testimony of numerous witnesses which tended to establish the following alibi.    On the night in question the two men, who lived in the same rooming house, were having a party at home.    At about 8:30 P.M. they drove to a delicatessen to pick up two girls, after which they stopped at a store to purchase some groceries.    The girls remained in the car while the two men did the shopping.    They returned to the rooming house at approximately 9:30 P.M.    Shortly thereafter the defendant, but not Witt, left the party with two guests and returned about fifteen minutes later.    He did not leave the party again until about 11:30 P.M.

Two photographs were introduced in evidence each showing the defendant together with several of the guests.    There was testimony that these photographs were taken shortly after 10 P.M. that same evening.

---

[1] The defendant was also tried and found guilty on an indictment for impersonating a police officer.    The judge placed that indictment on file.

1. Assignment 1. Detective Martin testified over the defendant's objection that on February 12, 1966, Mrs. Williams picked out the defendant's photograph from several which were shown to her. The defendant argues that this was inadmissible hearsay testimony "of accusations made when the defendant was not present."

This argument ignores Mrs. Williams' identification of the defendant at the trial. Her testimony could be corroborated by showing that she had made the same identification on a prior occasion. *Commonwealth* v. *Nassar,* 351 Mass. 37, 42. *Commonwealth* v. *McLellan,* 351 Mass. 335, 336.

Nevertheless, the defendant contends that "[i]t is not an answer to state that the testimony in the present case was offered, not to show the correctness of Mrs. Williams identification, but merely the fact that it was made. The fact that it was made was not in dispute."

There is nothing in the record to indicate that the defendant did not dispute the fact of identification. The defendant made a general objection. As stated above, the evidence was admissible to show a prior identification of the defendant by Mrs. Williams. The evidence being admissible for that purpose, it could not rightly have been excluded on a general objection. *Bouchard* v. *Bouchard,* 313 Mass. 531, 537. McCormick, Evidence, § 59. In any event, the testimony of Detective Martin was merely cumulative. "The admission or exclusion of such evidence rarely constitutes prejudicial error." *Commonwealth* v. *Rudnick,* 318 Mass. 45, 61.

2. Assignment 3. The defendant was arrested about midnight, Saturday, February 12, 1966. The arresting officer testified, "I advised his rights [*sic*]. 'I am not particularly interested in what you say to me because anything you will say to me now, anything you say to me will be used against you. You can go to the headquarters and use the telephone.' Upon arriving at police headquarters, the defendant used the telephone nine times." The following morning the defendant was taken to the emergency room in

Commonwealth *v.* Rawlins.

the hospital where Mrs. Williams was being treated. A hospital employee who was present was asked, over the defendant's objection, what Mrs. Williams did after Detective Martin told her to take a good look at the defendant. He answered, "Mrs. Williams took a good look at the defendant . . . and said, 'Yes, that's the man.'"

The defendant argues that this testimony was inadmissible "since . . . [he] was not represented by counsel at the time of the identification." He contends that this was one of the "critical stages" of a criminal proceeding and hence he had a right to representation by counsel under the Sixth and Fourteenth Amendments to the Federal Constitution, citing *Gideon* v. *Wainwright,* 372 U. S. 335, and *White* v. *Maryland,* 373 U. S. 59.

The case of *United States ex rel. Stovall* v. *Denno, Warden,* 355 F. 2d 731, 739 (2d Cir.) [2] involved a similar fact situation. The court refused to rule that the defendant had been deprived of his constitutional right to counsel, saying, "If . . . [he] had had counsel, what could counsel have done to thwart the identification? He could not have demanded . . . [the defendant's] immediate release so that no one might see him. He could not have arranged to have . . . [the defendant] continuously wear a hood or mask over his face to avoid identification, nor could he have ordered the police forthwith to halt their identification activities. . . . [C]ounsel could not have prevented the hospital room identification because 'An accused has no right to be viewed in a line-up rather than singly.' . . . [C]ounsel could not 'have altered the course of events' as to identification, and . . . no confession or 'any other evidence respecting which counsel could have rightfully advised Appellant to refuse to yield' was obtained [citing *Kennedy* v. *United States,* 353 F. 2d 462 (D. C. Cir.)]."

This is not a case such as *Wade* v. *United States,* 358 F. 2d 557 (5th Cir.), in which the defendant was made to utter incriminating words. See *Holt* v. *United States,* 218 U. S. 245, 252–253. We believe that the holding in the

[2] Cert. granted, sub nom. *Stovall* v. *Denno, Warden,* 384 U. S. 1000 (No. 254).

*Stovall* case is sound and are of opinion that the defendant was not deprived of his constitutional right to counsel.

3. Assignment 2. Frank Williams, the husband of the victim, and the owner of a restaurant, was permitted to testify, over the defendant's objection, about an incident involving the defendant at the restaurant in November, 1965. According to this testimony the defendant had been causing a disturbance there and was ejected by Williams.

This evidence was admissible on the issue of a motive for the robbery. The defendant's argument that the jury should have been instructed on the limited purpose for which the evidence was admissible is not persuasive, because no such instruction was requested, nor was the evidence offered for such a limited purpose. *Bouchard* v. *Bouchard,* 313 Mass. 531.

4. Assignments 4, 5, and 6. Officer Wilkinson, the police officer in charge of the signal desk at Division 3 of the Boston Police Department on Sunday night, February 13, 1966, testified as to the following events. It was his duty to check the prisoners every half hour. At 6 P.M. Officer Wilkinson asked the defendant how he felt, to which the defendant replied, "Not so hot." At 6:30 P.M. and 7 P.M. they exchanged no conversation. At seven thirty they had the following conversation: "I asked him how he felt, and he said, 'Not so hot.' I said, 'Oh, yes,' and he said, yes, he had to get out of there, and he said, 'Maybe I shouldn't be telling you this, but all my troubles started back in November. I had a disagreement with Frank Williams in Estelle's Restaurant, and since that time I have been trying to get in touch with him to see if we could straighten the situation out, and I did go up to his house Friday night to see if I could get in touch with him, but he wasn't there.' " Apart from the foregoing the officer did not ask the defendant any questions.

The defendant argues that the testimony should have been excluded[3] because it was a "custodial interrogation"

---

[3] Assignment 4 relates to essentially the same testimony at the voir dire, assignment 5 to the presentation of this testimony to the jury, and assignment 6 to the motion to strike this testimony from the record.

of the defendant who was not represented by counsel at the time.

This case was tried on April 12–15, 1966, and thus the rules of *Miranda* v. *Arizona,* 384 U. S. 436, do not apply. *Commonwealth* v. *Morrissey,* 351 Mass. 505, 509–511. But even in the *Miranda* case, *supra,* at p. 478, it was said, "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. *Volunteered statements of any kind are not barred by the Fifth Amendment* . . ." (emphasis supplied).

There is no doubt on this record that the statement made by the defendant was volunteered and was not the result of police interrogation. There was no error. *Commonwealth* v. *Ladetto,* 349 Mass. 237, 244. *Commonwealth* v. *Sousa,* 350 Mass. 591, 597–599.

5. Assignment 7. Officer Linsky of the Boston Police Department was asked what one Regan, an alibi witness for the defendant, had told him when informed that a gun had been taken from the defendant's residence and carried to the apartment of one Mendes. In reply the officer testified that "Regan told me . . . that he was with Witt and [one] Marchetti, but that Marchetti carried the gun, that he did not carry the gun." The defendant contends that this evidence was inadmissible. We do not agree.

Regan had previously testified that he did not admit to Officer Linsky that he had taken a gun from the defendant's apartment to Mendes' apartment. Officer Linsky's testimony was admissible to impeach Regan's credibility. *Commonwealth* v. *Granito,* 326 Mass. 494, 500.

*Judgment affirmed.*