203 So.2d 638 (1967)
Jay William MARDEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-782.
District Court of Appeal of Florida. Third District.
October 24, 1967.
Rehearing Denied November 29, 1967.
*639 Hoffman & St. Jean, Miami Beach, Frates, Fay, Floyd & Pearson, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., BARKDULL, J., and LOPEZ, AQUILINO, Jr., Associate Judge.
CHARLES CARROLL, Chief Judge.
Trial of the appellant on an information charging robbery resulted in his conviction and sentence to confinement for eight years in the state penitentiary from which he now appeals.
The offense for which the appellant was convicted took place in a real estate office located in a shopping center in the City of Miami Shores. A man, accompanied by another, accosted the woman occupant of the office at gunpoint. They bound her and robbed her of money and jewelry in an amount or value exceeding $7,000. She furnished the police with a description of the men, as to their physical appearance and clothing.
Shortly before the robbery, a police officer had seen a man, whom he identified at trial as the defendant, looking into a window of the real estate office. The man had then disappeared around the corner of the building. The police officer instituted a search for him, but was interrupted by a request of a girl to help start her automobile, and then by the need which arose to pursue a speeding motorist. After proceeding some distance the policeman lost sight of the motorist. While returning, he received radio notice of the robbery.
The operator of a nearby liquor store saw two men leave the real estate office around 5:00 o'clock P.M., which was about the time the robbery took place. They entered his store, and the taller one was seen to be holding money (bills) in one hand. After requesting a certain type of whiskey, which the owner informed them he did not have, they departed. He informed the police as to the direction taken by the men and gave a description of them which conformed to that given by the victim. Shortly thereafter two Miami Shores policemen proceeded after the men in a police car in the direction they had taken. After traveling approximately 500 yards they overtook two men walking who fitted the description the officers had received. The point where the men were overtaken was beyond the city limits.
When the officers drove alongside, the shorter man sidled away, and the taller one said: "Don't shoot, I won't give you any trouble," and raised his hands, revealing to the view of the officers a gun in his belt which had been covered by his jacket. At the trial one of the officers testified that he then informed the man he was under arrest for carrying a concealed weapon. The gun was taken from him, and he was placed in the police vehicle and handcuffed. The officers drove around for a period of an hour or an hour and a half in an attempt to locate the other man. They then returned with the man they had thus arrested, to the place where the robbery had occurred. There the woman victim, upon observing the man in the police car and when he stepped outside, announced to the officers that he was the man who had robbed her. The liquor store owner or operator also was present and designated the appellant as one of the men he had seen leave the real estate office and enter his store. The officers then informed the appellant that he was under arrest for armed robbery, and made a search of his person. The search revealed certain items of property which had been taken from the victim. The appellant was then taken to the Dade County jail and booked for the offense stated.
The points presented on appeal are first, that the initial arrest was unlawful; second, *640 that the appellant was denied due process of law by not being taken before a committing magistrate without unnecessary delay upon his arrest on the concealed weapon charge; and third, that the appellant's constitutional rights were violated by being presented to the victim for identification following his arrest.
The initial arrest was not unlawful. Carrying a concealed weapon constituted a breach of the peace. § 790.02 Fla. Stat., F.S.A. See Carlton v. State, 63 Fla. 1, 58 So. 486; Haynes v. State, 71 Fla. 585, 72 So. 180. The action of the officers in making the arrest under those circumstances outside of the municipality, was justified as one made in their capacity as private citizens. See 3 Fla.Jur., Arrest, § 24. The subsequent arrest of the appellant without a warrant for armed robbery, within the municipality was authorized where the officers had knowledge that a felony had been committed and had reasonable basis for belief that the appellant had committed the felony.
Regarding the appellant's second contention, we hold that the prosecution on the armed robbery charge was entitled to be proceeded in without a preliminary hearing having been conducted. Baugus v. State, Fla. 1962, 141 So.2d 264.
We reject as being without merit the appellant's third contention. The recent decisions of the United States Supreme Court initiating a requirement for presence of counsel at pretrial confrontations for identification[1] are not applicable to this case.[2]
On considering the totality of the circumstances recited above, plus the fact that the onsite identification did not result in a confession or any admission against interest, we conclude that the appellant's constitutional rights were not infringed by the onsite identification, and that such identifications did not render inadmissible the identification testimony at trial of the persons who had observed the appellant at the time of the offense and when he was apprehended and returned to the scene thereof. See Henderson v. State, 94 Fla. 318, 113 So. 689, 694; Martin v. State, 100 Fla. 16, 129 So. 112; Kennedy v. United States, 1965, 122 U.S.App.D.C. 291, 353 F.2d 462; Commonwealth v. Rawlins, Mass. 1967, 225 N.E.2d 314; State v. White, 1967, 77 N.M. 488, 424 P.2d 402.
Having concluded that no reversible error has been shown, we affirm the judgment appealed from.
Affirmed.
NOTES
[1] See United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.
[2] The Wade and Gilbert cases were decided June 12, 1967. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, decided on the same date, it was held that the Wade and Gilbert cases were not to be given retroactive application. The pretrial identification, and in fact the trial in this case occurred prior to June 12, 1967.