BEACON CO-OPERATIVE BANK *vs.* JOSEPH M. GLASSMAN & others. May 16, 1975. The identical demurrers of Weinberg, Feinstein, Adler and Marcus to the "counterclaim" against them which the defendant Glassman sought to include in his answer to the plaintiff's original bill were properly sustained on the eighth (if on no other) ground of each demurrer, which was that "the Counterclaim and Bill for Declaratory Judgment . . . contained in said Glassman's answer are improperly included therein." 1. None of the named demurrants was a party to the original bill, as was required by the first sentence and by (a) of the second sentence of Rule 32 of the Superior Court (1954). Contrast *Scullin* v. *Cities Serv. Oil Co.* 304 Mass. 75, 84-85 (1939); *Davis & O'Connor Co.* v. *Shell Oil Co. Inc.* 311 Mass. 401, 405 (1942); *Stubbert* v. *Sergio,* 335 Mass. 91, 92-93 (1956); *Mackey* v. *Rootes Motors Inc.* 348 Mass. 464, 466 (1965). 2. The "counterclaim" was obviously not "against the plaintiff alone," as was required for a counterclaim filed under (b) of the second sentence of Rule 32. 3. Nor could Glassman derive any assistance from the fourth paragraph of that rule; for all that appears, it would have been possible for him to secure "complete relief" on his mixed bag of allegations against the plaintiff without the presence of any of the named demurrants. Contrast *Colella* v. *Essex County Acceptance Corp.* 288 Mass. 221, 224, 230 (1934); *Labelle* v. *Lafleche,* 289 Mass. 140, 143 (1935). The interlocutory decree sustaining the demurrers of Weinberg, Feinstein, Adler and Marcus and the final decree are affirmed.

*So ordered.*

*Jacob Stone* for Joseph M. Glassman.
*Jacob J. Locke* for Herbert L. Adler & another (*Joseph Graglia,* for Theodore Feinstein & another, with him).
*Michael S. Field,* for Beacon Cooperative Bank, submitted a brief.