QUESTIONS: 1. May a city police officer respond to a deputy sheriff's request for assistance when such response would necessitate the police officer acting outside the territorial limits of his police power jurisdiction? 2. Is it necessary for an officer requesting assistance as authorized by s. 901.18, F.S., to be at the scene prior to making said request?
SUMMARY: A police officer may act outside the territorial limits of his police power jurisdiction in response to a request for assistance by a deputy sheriff as authorized by ss. 901.18 and30.09(4)(f), F.S., even though the officer requesting assistance is not located at the scene. AS TO QUESTION 1: Section 901.18, F.S., provides: 901.18 Officer may summon assistance. — A peace officer making a lawful arrest may command the aid of persons he deems necessary to make the arrest. A person commanded to aid shall render assistance as directed by the officer. A person commanded to aid a peace officer shall have the same authority to arrest as that peace officer and shall not be civilly liable for any reasonable conduct in rendering assistance to that officer. This office in AGO 056-29 noted that a municipal police officer in response to a request from a highway patrolman as authorized by s.901.18, supra, has the authority to assist that officer in effecting an arrest outside his territorial jurisdiction. This office in AGO 060-9 pointed out the authority of a municipal police officer to respond to a deputy sheriff's request for assistance by stating: Another exception to this opinion could arise under s. 901.18, F.S., which provides that any officer making a lawful arrest may summon persons to aid him in making the arrest. Should an officer (for example, a member of the county patrol of your county) acting within the territorial limits of his authority, but outside yours, call upon you for assistance, then such assistance could be provided under authority of s. 901.18. I would further note the holding of the Fourth District Court of Appeal in Kirby v. State, 217 So.2d 619 (4 D.C.A. Fla., 1969), in commenting on the powers of an officer to respond to a request for assistance as authorized by s. 901.18, supra, when that court held: We must reject this argument. Gullbrand, having been summoned under F.S. 1967, Section 901.18, F.S.A., had the right to do whatever the summoning officer himself might lawfully do. 6 C.J.S. Arrest s. 16. Since Deputy Bowling could lawfully make the arrest, Deputy Gullbrand could likewise and his duty was not limited to merely assisting another deputy in making the arrest. The police officer who is outside his territorial jurisdiction would also have the authority to make a citizen's arrest, for as I noted in AGO 073-59 at p. 101: However, when a municipal police officer is outside of his municipality, whether on a fresh pursuit mission or not, he may make a "citizen's arrest" for a felony other than the violation of s. 843.01 in accordance with the common law principles stated in 6 C.J.S. Arrest s. 8b(2)(a), at pp. 606 and 607 as follows: "At common law, and under the statutes of most states, although subject to statutory variations, a private person acting in good faith may arrest without a warrant one who has committed a treason or a felony on an occasion already past. "In order to justify such an arrest, it is necessary, and also sufficient, to show that a felony was actually committed, and that there was reasonable ground for suspecting that the person arrested committed it. . . . (Emphasis supplied.)" Also, a police officer, as a private citizen and without regard to fresh pursuit, may make an arrest outside of his municipality for a misdemeanor constituting a breach of the peace committed in his presence outside of his municipal limits. We quote from 6 C.J.S. Arrest s. 8C, at p. 607 as follows: "At common law, and except where the rule is changed by statute, it being the duty of every citizen to assist in preserving the peace, any private person may arrest without a warrant one who commits a breach of the peace in his presence, or where it is reasonably suspected that a person is threatening to commit a breach of the peace. Unless modified by statute, it would seem, where the arrest is for a misdemeanor, that the offense must amount to a breach of the peace to justify a private person in arresting without a warrant. (Emphasis supplied.)" Accord: Marden v. State, 203 So.2d 638 (3 D.C.A. Fla., 1967); Certiorari denied, 210 So.2d 224 (Fla. 1968). Accord: Attorney General Opinion 072-285. It is my opinion that a police officer may respond to a deputy sheriff's request for assistance, even though such response would require the police officer to leave his territorial jurisdiction to render said assistance. AS TO QUESTION 2: I would note the opinion cited above, AGO 056-29, was dealing with a factual situation where the highway patrol officer who requested the assistance was not at the scene. I would also point out that s. 30.07, F.S., provides that deputy sheriffs have the same power as the sheriff appointing them and would note a deputy sheriff, even though an arrest may not be contemplated, is authorized to request assistance by s. 30.09(4)(f), F.S., which reads: (f) To raise the power of the county, by calling bystanders or others, to assist in quelling a riot or any breach of the peace, when ordered by the sheriff or an authorized general deputy. I can find no legal basis on which to differentiate between the application of s. 901.18 and s. 30.09, F.S., based upon whether the officer requesting assistance is at the scene or not. To hold that a deputy on his way to a prison break or riot could not summon assistance before he arrived at the scene (thereby endangering his personal safety) would be illogical. It is my opinion that an officer requesting assistance as authorized by s. 901.18 does not have to be on the scene prior to requesting said assistance.